■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MORRIS MALINSKY, DAVID LUSTIGMAN and ROBERT FELT, Appellants.— Appeal by defendants from a judgment of the Supreme Court, Queens County, rendered April 19, 1963 after a nonjury trial, convicting them of criminally concealing and withholding stolen and wrongfully acquired property as a felony, and imposing sentence. Judgment affirmed. The property was stolen in Massachusetts and found in the defendants' possession in Queens County. The evidence did not require a determination that the defendants were the thieves who stole the property, and justified the determination that they were guilty of criminally concealing and withholding stolen property (*People* v. *Everett*, 10 N Y 2d 500; *People* v. *Berger*, 260 App. Div. 687, affd. 285 N. Y. 811). Section 177 of the Code of Criminal Procedure provides, in part, that a peace officer may, without a warrant, arrest a person when "a felony has in fact been committed, and he has reasonable cause for believing the person to be arrested to have committed it" or when "he has reasonable cause for believing that a felony has been committed, and that the person arrested has committed it, though it should afterward appear that no felony has been committed, or, if committed, that the person arrested did not commit it." "Reasonable cause in this context is equated with 'probable cause,' as that term is used in the Fourth Amendment" (*People* v. *Lombardi*, 18 A D 2d 177, 180, affd. 13 N Y 2d 1014). On "a motion to suppress evidence the burden is on the defendant to sustain his claim of illegal search and seizure" (*People* v. *Entrialgo*, 19 A D 2d 509, 510). The defendants here did not sustain their burden. The arrest was lawful and therefore the search and seizure were lawful (*United States* v. *Di Re*, 332 U. S. 581; *Ker* v. *State of California*, 374 U. S. 23; *Draper* v. *United States*, 358 U. S. 307). The trial court did not permit the defendants to inquire as to the informer's identity. In our opinion, the trial court did not commit error in barring such inquiry (*People* v. *Coffey*, 12 N Y 2d 443; *United States* v. *Rugendorf*, 316 F. 2d 589, 592; *Harrington* v. *State*, 110 So. 2d 495, app. dsmd. 113 So. 2d 231 [Fla.]). The factual and legal situation in *Roviaro* v. *United States* (353 U. S. 53), which involved a criminal prosecution in a Federal District Court, is readily distinguishable (*United States* v. *Rugendorf, supra*; cf. *Ker* v. *State of California, supra*). Nor did the court below during the hearing on the motion to suppress, commit reversible error in refusing to permit the defendants to examine the notes made by the detective after the arrest. Both that court and this court examined the notes. Presumably the notes would have had a bearing on the credibility of the detective during the actual trial, but they had no material bearing on the issues during the hearing of the motion to suppress. [For prior related decision in this action, see 36 Misc 2d 204.] Beldock, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.