J. Irwin Shapiro, J.
The defendant moves to suppress the evidence “ seized by the police in this ease on the grounds that it was in violation of the constitutional rights of this defendant. ”
At a hearing ordered on defendant’s motion the defendant and his wife took the witness stand in support of the motion. It is not necessary to detail their testimony in view of the fact that I credit and believe the testimony of the police officer who was called by the People.
In substance, the police officer testified that the defendant was seated in an automobile driven by his wife when it *165 approached him and stopped, at which time he was asked for directions to a certain destination. The police officer was then on special duty to stop motorists and to ascertain if they had licenses to drive and registrations for their vehicles.
After giving the desired information to the defendant and his wife the police officer then asked the wife for her license and registration certificate. She produced a license but could not find a registration certificate. The defendant who was seated alongside of her then said that he thought he had the registration certificate and got out of the car to look in his pockets for it. As he got out of the car and reached into his pocket to search for the registration certificate the frame of a revolver fell from his pocket to the ground. It had no cylinder in it at the time and it, therefore, could not be considered a firearm (People v. Katz, 228 App. Div. 822; People v. Thompson, 227 App. Div. 712; People v. Simons, 124 Misc. 28; People v. De Bernardo, 199 Misc. 563).
However, the police officer then and there arrested the defendant and immediately thereafter searched him and in his pocket found the cylinder which belonged to the frame of the revolver and in which cylinder there were contained a number of bullets.
The contention of the defendant upon this motion to suppress apparently is that there was no reasonable ground for the police officer to make an arrest when he saw the frame of the revolver. True, it is, that at that time what the police officer saw was not a firearm since it could not be used in its then condition to do any shooting, and no charge of possession of a firearm could be successfully maintained against the defendant merely upon his possession of that instrument (see cases cited, supra).
However, the police officer acting upon circumstances and appearances “ as would induce an ordinarily prudent and cautious man ” to believe that a crime was being committed in his presence (People v. Coffey, 12 N Y 2d 443, 451) was justified in arresting the defendant. It was not unreasonable for the police officer to assume, upon seeing the frame of the revolver, that the cylinder thereon had become disengaged therefrom and that it was then and there within the custody and control of the defendant.
Under former section 177 of the Code of Criminal Procedure, which provided that 11 A peace officer may, without a warrant, arrest a person, 1. For a crime, committed or attempted in his presence ”, the justification for the arrest in this case might perhaps be questionable, but since the 1963 amendment to that section (L. 1963, ch. 580) which now permits a police officer to make an arrest without a warrant if he “ has reasonable *166 grounds for believing that a crime is being committed in his presence ” the arrest in this case was fully justified. There was under the facts in this case ‘ ‘ a reasonable ground for belief of guilt ” (Brinegar v. United States, 338 U. S. 160, 175). It should be emphasized that the facts and circumstances which must exist before an arrest may legally be made without a warrant are not such facts as may convince a jury beyond a reasonable doubt of the defendant’s guilt. In the case of an arrest we are dealing with appearances, whereas in the case of a finding of guilt we are dealing with facts. In this case from the appearance of things the police officer had reasonable grounds for believing that a crime was “ being committed in his presence ” and therefore the arrest was legally justifiable. That being the case the search made thereafter was warranted and the fruits thereof may not be suppressed.
In addition it should be noted that while the revolver frame could not be considered a firearm within the meaning of subdivisions 2 and 3 of section 1897 of the Penal Law (as added by L. 1963, ch. 136, eff. July 1, 1963) “ under certain circumstances it could be a dangerous weapon within the meaning of subdivision 1 [now subd. 8] of said section ” (People v. De Witt, 285 App. Div. 1157).
In view of all of the foregoing and the further fact that “ on a motion to suppress evidence the burden is on the defendant to sustain his claim of illegal search and seizure ” (People v. Entrialgo, 19 A D 2d 509, 510-511; People v. Lombardi, 18 A D 2d 177, 181, affd. 13 N Y 2d 1014) the motion of the defendant to suppress the frame of the gun, the cylinder thereof, as well as the blackjack ftiund on a search of the automobile is in all respects denied. 1