■ In the Matter of DAVID W., Appellant.— Order unanimously reversed on the law and facts and petition dismissed. Memorandum: This 11-year-old boy appeals from an order adjudicating him to be " a person in need of supervision " within the meaning of subdivision (b) of section 712 of the Family Court Act. The petition charged the boy with " wilfully and wrongly " grabbing a girl, carrying her into the school garage, blocking the doorway, and placing her in fear for her safety. This single incident if committed by an adult would be a violation of section 240.25 of the Penal Law which classifies such conduct as " harassment ". The section further provides that " Harassment is a violation ". A " violation " may not be the basis of a juvenile delinquency proceeding because a juvenile is defined as a person over 7 and less than 16 who does an act, which if done by an adult, would constitute a " crime " (Family Ct. Act, § 712, subd. [a]). A crime is defined in the revised Penal Law as a misdemeanor or a felony. These exclude a " violation " which is

defined as an "offense". It may well be that the Family Court Act should be amended to bring within its purview those children who commit any "offense", not only an act designated as a "crime", but such proposed legislation, although passed by the Legislature, has been vetoed by the Governor. The Family Court Judge, faced with this dilemma, found the boy "a person in need of supervision". This finding does not meet the test of the statute which mandates that the proof must show that the boy is "an habitual truant or who is incorrigible, ungovernable or habitually disobedient and beyond the lawful control of parent or other lawful authority". The record is silent on any misbehavior other than this single act of "harassment". As stated in our decision in *Matter of Bordone* v. *Allen F.* (33 A D 2d 890), there must be more than a single isolated incident to support a determination of "need of supervision". A pattern of conduct which satisfies subdivision (b) of section 712 of the Family Court Act must be proved (*Matter of Richard W.*, 29 A D 2d 873). Under these circumstances we must reverse and dismiss the petition. (Appeal from order of Erie County Family Court placing respondent under supervision.) Present — Goldman, P. J., Marsh, Witmer, Moule and Henry, JJ.