Per Curiam.

Although the facts set forth in the petition might have spelled .out the crime of assault—if committed by an adult — and, accordingly, might have supported a charge of juvenile delinquency against the 11-year-old respondent (Family Court Act, § 712, subd. [a]), the fact is that no .such charge is alleged. Indeed, the petition expressly charges the respondent with only a violation of harassment under section 240.25 of the Penal Law, and such a charge may not be the predicate for a juvenile delinquency proceeding.
Neither the petition nor the facts disclosed at the hearing sustain the finding of the Family Court that the respondent was ‘ ‘ a person in need of supervision ’ ’. As the Appellate Division observed, “ [t]his finding does not meet the test of the statute which mandates that the proof must show that the boy is 1 an habitual truant or who is incorrigible, ungovernable or habitually disobedient and beyond the lawful control of parent or other lawful authority ’. The record is silent on any misbehavior other than this single act of ‘ harassment ’. * * * there must be more than a single isolated incident to support a determination of ‘ need of supervision ’ ’ ’.
The order appealed from .should be affirmed, without costs.
Chief Judge Fuld and Judges Scileppi, Bergan, Breitel, Jasen and Gibson concur in Per Curiam opinion; Judge Burke taking no part.
Order affirmed.