William J. Gregg, J.
This is a trial of the defendant for resisting arrest under section 205.30 of the Penal Law of the State of New York. It is a trial without a jury and defendant, among other things, raises the question of his arrest by Sergeant Francis Graziano of the Port Jervis Police Department as being an unlawful arrest resulting from the defendant failing to produce a license and a charge resulting from failure to produce a registration for an automobile in which said defendant was sitting behind the steering wheel of said automobile at the time of the arrest. The defendant has testified to the fact that the automobile was immobile at the time of the arrest. Although the automobile had its headlights on, neither the defendant nor the prosecution could testify with any degree of certainty that the key of said automobile was in fact in the switch at the time of the arrest. From the evidence produced on such trial the court is of the opinion that the defendant was not in fact guilty of either of such charges, such charges being dismissed.
However, the matter of the defendant violating section 205.30 of the Penal Law is now before the court. Under section 35.27 entitled ‘1 Justification; use of physical force in resisting arrest prohibited ” such statement states as follows: “A person may not use physical force to resist the arrest, whether authorized *1099 or unauthorized, which is being effected or attempted by a peace officer when it would reasonably appear that the latter is a peace officer.” In the instant case the court, in view of this section of law, requires that a person who has been arrested whether or not such arrest is valid or invalid or authorized or unauthorized and which has been or is being effected by a police officer, and at the time the defendant can reasonably be assumed to know that he is being arrested by a peace officer, whether such peace officer is in uniform or not so long as he is advised or has reason to believe that such peace officer is on duty, said defendant cannot use any physical force to resist such arrest. In fact, in the case of People v. Simms (36 A D 2d 23, 24) the court in discussing the logic and reason in the Practice Commentary (McKinney’s Cons. Laws of N. Y., Book 39) states “ ‘ that if it develops that the officer was in error and the arrest unauthorized, ample means and opportunity for remedial action in the courts are available to the arrestee.’ ”
In the instant case there has been testimony given by the prosecution to the effect that defendant was told he was under arrest by a peace officer, to wit: a sergeant of the Port Jervis Police Department, who was in uniform at the time such arrest was being effected, and that the defendant was told by the peace officer that he was under arrest and such peace officer told a patrolman who was assisting him in making such arrest to place the defendant in the police car for transportation to the police station in the City of Port Jervis; that at the time such sergeant heard the patrolman say to the defendant in effect to get into the rear of the police car. The defendant did not, and again the patrolman told him to again get in the car at which time the sergeant came over to the police car and he, in fact, told the defendant to get into the car at which time the defendant refused and there was a scuffle at which time it was necessary for the police sergeant to use physical force in order to place such defendant into the police car. The defendant has admitted there was a scuffle in that he did put forth his hands upon such sergeant to resist being placed in the police car and did push and shove against the police sergeant and cause the police sergeant to use force to put him in the patrol wagon.
In view of such evidence, it is the opinion of the court that the defendant is guilty beyond a reasonable doubt of a violation of section 205.30 of the Penal Law of the State of New York.