Stephen Smyk, J.
This is an appeal from a judgment of conviction rendered against defendant in the Village Court of the Village of Johnson City on March 22, 1972 for a violation of section 205.30 of the Penal Law, resisting arrest. After a jury trial during which two other charges against defendant were disposed of in his favor, a verdict of guilty was returned to the misdemeanor charge which is the subject of this appeal.
Because of the complexity of the issue which must be resolved on this appeal, a brief summary of both the events which formed the basis for the charges against defendant and the trial proceedings is appropriate. Though there is substantial conflict in the record as to exactly what occurred during the incident in question, it is possible to trace a general picture for the purpose of clarifying the reasoning which will follow.
On the evening of June 3,1971, two off-duty Village of Johnson City policemen, Patrolmen Robert Uhler and Stephen Holgash, decided to have a few drinks before going home from work and, after stopping briefly at two other taverns, proceeded to the Peppermint Lounge at 60 Broad Street in Johnson City where they arrived shortly after midnight on the morning of June 4, 1971. Present were the defendant and several other individuals, some of whom later testified on behalf of the defendant. Within a few minutes of the time that the two policemen entered the Peppermint Lounge, a personal argument took place between the defendant and Patrolman Uhler which involved, at most, some shoving and grabbing, and lasted approximately a minute. *1047 It ended abruptly when the female proprietor intervened and separated the participants. At this time, the defendant moved to the other end of the bar, Patrolman Uhler went back to his bowling game, and 10 to 15 minutes passed without further incident. However, Patrolman Uhler evidently was not satisfied with the outcome of this minor fracas, for shortly thereafter he approached the defendant and either demanded an apology and accompanied this demand with the threat of arrest, or requested an apology and when the defendant declined to do so, attempted to place the defendant under arrest. In any event, a second scuffle ensued and after several people, including the defendant’s mother, either slipped and fell or were knocked down, the defendant was physically escorted by the two off-duty policemen out the door of the bar, across the street, and to the Johnson City police station. Here he was booked on charges of public intoxication, harassment and resisting arrest. Bail was set at $100 and, following the posting of bail by several patrons of the Peppermint Lounge, the defendant was immediately released.
At the trial the prosecution rested its direct case after calling the two policemen involved in the incident in question and defendant moved to dismiss the charges against him. The Village Justice complied to the extent of dismissing the public intoxication charge and the trial proceeded on the two remaining offenses. The defendant then called several witnesses, all of whom were either patrons or employees of the Peppermint Lounge on the night of the incident and all of whom substantially contradicted the policemen’s version of the events leading up to defendant’s brief incarceration. After the defendant himself took the stand, there was a rebuttal and surrebuttal and the defense unsuccessfully renewed its motion to dismiss.
After deliberating for approximately 45 minutes, the jury returned a verdict of not guilty on the harassment charge, but found the defendant guilty of resisting arrest. At this point, and after the jury was discharged, a rather unusual event took place. After speaking with defense counsel, the foreman of the jury was allowed to make >a statement on the record in which he explained the reason for the jury’s verdict and expressed regret that, under the law as the Judge had explained it, the jury had no alternative but to find defendant guilty of resisting arrest. He revealed that although they had concluded that defendant’s arrest was unauthorized under the circumstances, the jury felt foreclosed from acquitting defendant of resisting arrest by the Judge’s instruction concerning section 35.27 of the Penal Law, *1048 to wit: “ a person may not use physical force to resist an arrest, whether authorized or unauthorized, which is being effected or attempted by a peace officer when it would reasonably appear that the latter is a peace officer.” It is the applicability of this section to the facts as they were developed at the trial that this court must now determine.
The Penal Law section under which defendant presently stands convicted is section 205.30: “ A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a peace officer from effecting an authorized arrest of himself or another person.” Even a cursory reading of the relevant cases reveals that the term “ authorized ” in the above statute refers to the legality of the arrest as determined by the probable cause standard and not merely to the presence or absence of statutory authority for making an arrest for the offense charged, as the respondent would have us believe. (People v. Barton, 30 A D 2d 726; People v. Stevenson, 31 N Y 2d 108.) If, as respondent suggests, authorization for an arrest hinged merely upon the existence of the statute under which a defendant was charged, there would be virtually no such thing as an unauthorized arrest, for a policeman would have to be rather incompetent to charge a person with the commission of a nonexistent offense. Since authorization depends upon the presence of probable cause at the time the arrest is attempted, as the Village Justice properly instructed the jury, the first consideration under section 205.30 of the Penal Law is whether or not Patrolman Uhler had probable cause to believe that the defendant had committed an offense in his presence.
In holding that there was no probable cause for making the arrest in question, we do not rely upon the statement of the jury foreman, but upon a careful reading of the record which indicates that an opposite holding would be against the weight of the evidence. Nor do we base this conclusion upon the fact that defendant was acquitted of the charge of harassment. Instead, we. find that the testimony of the various witnesses concerning the events leading up to defendant’s arrest establishes that Patrolman Uhler acted without probable cause in attempting to make the arrest.
Having determined that the arrest was illegal, the next, and final question to be resolved is whether the defendant could legally be convicted of resisting arrest by virtue of section 35.27 of the Penal Law, even though the arrest was unauthorized. Although we are mindful of the fact that defendant did not specifically except to the inclusion of section 35.27 of the Penal Law *1049 within the Trial Judge’s charge, we deem it proper in the interest of justice and because the jury obviously relied upon this section in finding the defendant guilty, to determine the applicability of this so-called “ no-sock ” provision to the facts of the case at hand.
After a study of the relevant statutes, cases, and commentary, we hold that the inclusion of section 35.27 of the Penal Law within the Trial Judge’s charge concerning an alleged violation of section 205.30 of the Penal Law was improper and had the effect of misleading the jury into expanding the substantive scope of section 205.30 of the Penal Law, a result which is clearly at odds with the intent of the Legislature in enacting section 35.27. While no case has been found in which a court was called upon to answer the specific question which we face, it is possible to reach a proper result by reasoning from the cases which contain similar, though not identical issues. Thus, in People v. Simms (36 A D 2d 23), the Appellate Division, Fourth Department, outlined the requirements for conviction under section 205.30 of the Penal Law and pointed out that the arrest resisted must be an authorized one. While the facts of that case indicated that defendant’s arrest was lawful and that there was no question concerning any expansion of section 205.30 of the Penal Law, the court noted nevertheless that section 35.27 of the Penal Law does not create a new substantive crime. Similarly, in People v. Stevenson (31 N Y 2d 108, 111), the Court of Appeals, in refusing to find fault with the Trial Judge’s charge, noted that “ the court instructed the jury that the People must also establish that the 'arrest be lawful and that the crime of resisting arrest does not occur if the arrest is illegal or unlawful.” Conspicuously absent, in the opinion of Judge Jasen is any mention of the applicability of section 35.27 of the Penal Law to a prosecution for resisting arrest under section 205.30 of the Penal Law. Instead, his emphasis upon the fact that the arrest must be legal negates any inference that section 35.27 expands the scope of section 205.30. See also People v. Lattanzio (35 A D 2d 313), wherein the Third Department similarly held that an arrest must be authorized to warrant a conviction under section 205.30 and noted, by way of dicta, that section 35.27 does not create a new substantive crime.
It is apparent, after a review of the above and other cases and after reading the Practice Commentary (McKinney’s Cons. Laws of 1ST. Y., Book 39, Penal Law, § 35.27 [1972-1973 Supp.]), that the Legislature, by enacting this section, intended not to expand the substantive scope of section 205.30 of the Penal Law, *1050 but merely to take away from a defendant charged with an offense such as assault the defense that the physical force used was justified under the circumstances because the attempted arrest which led to the assault was unauthorized. For this reason, and because the conviction of the defendant herein was based upon an erroneous interpretation of the law, the conviction is reversed, the information dismissed, and the fine ordered remitted.