■ ROBERT GELTZER, Plaintiff, v PAUL M. RUSSELL, Defendant and Third-Party Plaintiff-Respondent. VILLAGE OF SOUTHAMPTON, Third-Party Defendant-Appellant.—Order, Supreme Court, New York County, entered October 30, 1974, denying the third-party defendant's motion to dismiss the third-party complaint, unanimously affirmed, without costs or disbursements. Plaintiff seeks to recover damages from defendant Paul M. Russell, a policeman employed by the third-party defendant Village of Southampton, for alleged false arrest and malicious prosecution. Defendant served a third-party complaint on said village, alleging that the disorderly conduct arrest was made with "probable and reasonable cause * * * at the direction of the third-party defendant * * * within the scope of his employment and in the performance of his duties as a police officer". He therefore seeks indemnification from the third-party defendant in the event plaintiff recovers judgment against him. The third-party defendant's attack on the third-party complaint pursuant to CPLR 3211 (subd [a], par 7) is made without the submission of evidentiary material and is directed to the face of the pleading. Under these circumstances, the pleading is liberally construed and the truthfulness of its factual allegations is not in issue. "A long line of cases has held the State or municipalities liable for the actions of their police officers in the line of duty * * * In each of these cases the troopers were engaged in activities which can only be described as 'governmental' in nature. The theory upon which recovery from the State in these cases is premised is found in section 8 of the Court of Claims Act * * * with the waiver of immunity effected by * * * section 8, of the Court of Claims Act, the State and its civil subdivisions became liable for the torts of their agents on the basis of *respondeat superior,* notwithstanding the fact that the agent was engaged in 'governmental' activity" *(Jones v State of New York,* 33 NY2d 275, 279–280 [1973]). As aptly noted by Fuld, J., in *Bing v Thunig* (2 NY2d 656, 666): "The doctrine of *respondeat superior* is grounded on firm principles of law and justice. Liability is the rule, immunity the exception.

It is not too much to expect that those who serve and minister to members of the public should do so, as do all others, subject to that principle and within the obligation not to injure through carelessness * * * Insistence upon *respondeat superior* and damages for negligent injury serves a two-fold purpose, for it both assures payment of an obligation to the person injured and gives warning that justice and the law demand the exercise of care." The doctrine is firmly predicated on affording relief to the innocent victim by placing at risk the master as well as the employee (see *Burns v City of New York,* 6 AD2d 30, 36). Thus, the wrong of the servant serves as the basis of liability of the master to the injured party. However, it is noted that "Generally, a principal has the duty to reimburse his agent for payment of damages which the agent was required to make to third persons on account of the authorized performance of an act which constitutes a tort or a breach of contract". (3 CJS, Agency, § 320; 2 NY Jur, Agency, § 222). In light of the aforesaid and the applicable rules of construction enunciated above, the defendant and third-party plaintiff is entitled to have his pleading sustained (see *Cohn v Lionel Corp.,* 21 NY2d 559). Concur—Kupferman, J. P., Murphy, Lupiano, Capozzoli and Lane, JJ.