■ BERNICE PRITCHETT, Also Known as BONNIE PRITCHETT, Respondent-Appellant, v STATE OF NEW YORK et al., Appellants-Respondents.—Cross appeals from a judgment, entered January 3, 1977, upon a decision of the Court of Claims. On September 13, 1974, Joseph B. Hewitt, an off-duty New York State Trooper, went to claimant's house to discuss some problem between his daughter and claimant's children. A heated discussion ensued on claimant's front porch during which claimant called Hewitt a "dirty bastard". Hewitt lodged a complaint against claimant with the State Police and, thereafter, an appearance ticket for disorderly conduct was issued against the claimant by Sergeant Geehrer who had spoken to Hewitt, claimant and some neighbors about the dispute. Hewitt subsequently signed a formal complaint alleging a violation of subdivision 3 of section 240.20 of the Penal Law by the claimant. Claimant was tried for disorderly conduct on November 13, 1974 and found guilty. These claims for malicious prosecution and false arrest were filed on December 5, 1974. Claimant's appeal of the conviction was filed on December 7, 1974 and the conviction was reversed on August 20, 1975. The trial took place on November 8, 1976. The Court of Claims dismissed the claim for false arrest after trial. It found that no arrest had occurred. The court further found sufficient proof of malice and lack of probable cause to justify a recovery by claimant for malicious prosecution in the amount of $2,500 for emotional harm and indignity, $5,000 for punitive damages and $2,500 for attorney's fees. On these cross appeals, we would initially affirm the dismissal of claimant's cause of action for false arrest. Concededly, in this instance, claimant was never arrested, but merely issued an appearance ticket, a procedural device utilized as a "compassionate substitute" for a warrantless arrest (Practice Commentary by Richard G. Denzer, McKinney's Cons Laws of NY, Book 11A, CPL 150.20, p 559). Without question, she was not restrained in any way so as to justify an award for false arrest. Similarly, we find that the cause of action for malicious prosecution should likewise have been dismissed. For claimant to prevail thereon, she must have established the absence of probable cause for

the criminal proceeding *(Broughton v State of New York,* 37 NY2d 451), and this she failed to do. Uncontradicted evidence herein establishes that, during a verbal altercation with Trooper Hewitt, claimant made certain abusive utterances heard by nearby residents. These and the other surrounding circumstances provided ample justification for bringing the criminal proceedings. Judgment modified, on the law and the facts, by reversing so much thereof as awarded damages for malicious prosecution, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., Main and Mikoll, JJ., concur.