*119 OPINION OF THE COURT
Charles F. Cacciabaudo, J.
Defendant is charged with resisting arrest (Penal Law, § 205.30). At trial, both sides had rested, the defendant moved to dismiss the charge on the ground that the People had failed to prove the elements of the offense charged.
The facts are as follows:
At approximately 1:00 a.m. on July 24, 1979, two police officers responded to a report of a family disturbance at defendant’s home. After a conversation with defendant’s wife in which she indicated that she wanted defendant out of the house, the police officers spoke to the defendant who then agreed to leave. The defendant admitted that prior to the disturbance he had consumed six or seven glasses of an alcoholic beverage.
After the defendant left, the police conducted a search of the area and were satisfied that he had in fact left. They then continued their normal patrols. Approximately one hour later, the police again responded to a report of a gun being used at defendant’s home. Upon arrival, the police observed the defendant’s wife and children outside the house. After the arrival of several more police officers and after two officers had entered the house, the defendant’s wife signed a civilian arrest form, form PDCS-1100b, which stated: "I, Carol Giorgetti . . . have this date arrested one Richard Giorgetti . . . upon my charge of and demand that officer P. O. James P. Burghard 2567 of the Police Department, County of Suffolk, take said arrestee into custody.” (Address omitted.)
When the two officers who had previously entered the home were informed that the wife had signed the form, they informed the defendant that he was under arrest. At trial, the officers testified that the defendant thereafter punched one of them in the chest numerous times and engaged in a "wrestling match” with them while they were attempting to subdue him. These events formed the basis of the information charging defendant with resisting arrest.
After defendant was in custody, the police completed the civilian arrest form by inserting "harassment” in the blank space. Subsequent to the events at the defendant’s home, an information was prepared charging defendant with harassment (Penal Law, § 240.25). However, defendant’s wife apparently had a change of heart and refused to sign the informa *120 tian. Based upon her refusal to sign, the charge of harassment was dismissed, leaving only the resisting arrest charge still pending.
At trial, the People called the police officers to testify as to the events constituting the resisting arrest charge. They also testified that they did not see the events which formed the basis for the harassment charge. Moreover, defendant’s wife was not called to testify as to these underlying events. The only evidence introduced with respect to those events came from the defendant himself and from his children. Defendant testified that he used subterfuge to re-enter the house. His daughter testified that when he re-entered, she was afraid. There was no testimony as to any action taken by defendant to engender such fear.
The thrust of defendant’s motion is that the People have failed to establish the elements of the offense. More particularly, it is contended that the requirement of section 205.30 of the Penal Law that the underlying arrest be an authorized arrest has not been met in that (1) the underlying charge was dismissed, and in the alternative, (2) that the People have introduced no evidence at trial which would tend to show that the wife’s arrest of her husband was authorized. In response, the People argue that the dismissal of harassment charge should not bar prosecution of a resisting arrest charge. They further contend that in actuality the arrest was made by the police and that said arrest was authorized by virtue of the fact that the defendant’s wife signed the civilian complaint form, thus providing probable cause for the police action.
With respect to the defendant’s contention that the dismissal of the harassment charge mandates dismissal of the resisting arrest charge, the court is cognizant of the line of cases typified by People v Horman (22 NY2d 378). In that case, the defendant was charged with shoplifting and was subsequently acquitted. The court held that the acquittal invalidated the defendant’s initial arrest. Hence, any resisting arrest charge stemming from the invalid arrest must fall. (See, also, People v Breares, 15 AD2d 204, affd 11 NY2d 906.)
The court is also aware that another line of cases has developed which indicates that acquittal on the underlying charges is not a bar to prosecution of a resisting arrest charge. (People v Simms, 36 AD2d 23; People v Santiago, 69 Misc 2d 1098.) In any event, the present case is not directly controlled by either line of cases. We note that in this case there has *121 been no adjudication as to the merits of the harassment charge. The reason for this failure was the refusal of the defendant’s wife to sign the information charging harassment. It appears to this court that a dismissal of the resisting arrest charge merely because of a refusal to prosecute the underlying charge would discourage the efforts of the police in assisting in civilian arrests, as they are required to do by CPL 140.40 (subd 1). Such a result would frustrate the legislative intent apparent in CPL 140.30 and 140.40. The court therefore concludes that the proper inquiry in situations such as the one now before it is whether the underlying arrest was in fact "authorized” at the time it was made. Any subsequent dismissal for failure to prosecute is irrelevant to this inquiry. We therefore now turn to the second theory upon which defendant moves to dismiss.
It is a well-settled principle that there can be no charge of resisting arrest where the underlying arrest is unauthorized (People v Harewood, 63 AD2d 876). In conjunction with this principle, defendant contends that as a matter of law the arrest was made by defendant’s wife, and that no evidence was produced at trial which would indicate that the arrest was authorized. The People claim that an authorized arrest was made by the police based upon the executed civilian complaint form. In order to resolve this conflict, and to thereby apply the principle of authorization, we must examine the relevant provisions of the CPL dealing with arrest, as they relate to the facts in this case.
CPL 140.10 provides:
"1. Subject to the provisions of subdivision two, a police officer may arrest a person for:
"(a) Any offense when he has reasonable cause to believe that such person has committed such offense in his presence”.
CPL 140.30 provides: "1. Subject to the provisions of subdivision two, any person may arrest another person (a) for a felony when the latter has in fact committed such felony, and (b) for any offense when the latter has in fact committed such offense in his presence.”
Keeping these two sections in mind, it is clear to the court that the testimony at trial supports the position that the arrest was made by the wife, and that the subsequent involvement of the police was a separate, independent event. In reaching this conclusion, it should be noted that harassment is an offense. Therefore, under the above-quoted statutes, only a *122 person in whose presence the offense was committed would be authorized to make the arrest. The police officers testified unequivocally that prior to their attempt to take the defendant into custody, he had done nothing which would have given them reasonable cause to believe that an offense was committed in their presence. The officers themselves apparently realized that they were unauthorized to make the arrest since they would take no action against the defendant until his wife signed the complaint form. Clearly then, the arrest took place at the time the form was signed.
Further support for the position that there is a distinction between the arrest, i.e., when the civilian signs the form, and the custody, i.e., actions taken by the police, may be found in the language of GPL 140.40 which provides in pertinent part: "A person making an arrest pursuant to section 140.30 must without unnecessary delay deliver or attempt to deliver the person arrested to the custody of an appropriate police officer, as defined in subdivision five * * * In any case, the appropriate police officer, upon receiving custody of the arrested person * * * must bring him, on behalf of the arresting person, before an appropriate local criminal court”. (CPL 140.40, subd 1; emphasis added.)
The meaning of the above-quoted language is unmistakable. Applying it to the case at bar, it is clear that the "arrest” was in fact made by the defendant’s wife under CPL 140.30. We must therefore now focus the inquiry on whether facts have been established which would show that the offense of harassment had been committed in her presence. (Cf. People v Lyke, 72 Misc 2d 1046.) As we have already noted, nothing was elicited at trial in this regard except for the noninculpatory statements of the defendant and his children and the signed civilian arrest form. This form contains none of the underlying facts which led up to the arrest and was in fact completed after defendant was in custody. It cannot form the basis to establish authorization. Hence, since an essential element of the offense has not been established, the case, as a matter of law, must be dismissed. (CPL 360.50.) However, there is one additional point which deserves comment. The testimony of the police officers indicates that there is some question as to the use of physical violence by the defendant. Section 35.27 of the Penal Law provides that: "A person may not use physical force to resist an arrest, whether authorized or unauthorized, *123 which is being effected or attempted by a peace officer when it would reasonably appear that the latter is a peace officer.”
It may appear from the above language that even though an arrest is unauthorized, a resisting arrest charge could stand if physical force was used by a defendant. However, such a conclusion has now been negated by a number of cases, including People v Harewood (63 AD2d 876, supra) and People v Lyke (supra). In Lyke, the court stated (pp 1049-1050): "It is apparent * * * that the Legislature, by enacting this section, intended not to expand the substantive scope of section 205.30 of the Penal Law, but merely to take away from a defendant charged with an offense such as assault the defense that the physical force used was justified under the circumstances because the attempted arrest which led to the assault was unauthorized.”
The court is in agreement with the foregoing analysis. Therefore, even if physical force is employed, a charge of resisting arrest cannot stand unless it is established that the arrest was authorized (People v Harewood, supra).
The information is dismissed.