OPINION OF THE COURT
Joyce L. Sparrow, J.
Respondent is charged with an act which if committed by an adult would constitute the crime of resisting arrest. (Penal Law § 205.30.)
The facts are as follows: Respondent was observed holding the doors open to a subway car, preventing the train from *451 proceeding. The police officers approached and asked him for identification, received no answer and only after a threat of arrest, conflicting pieces of identification were produced. The identification did not establish age. The respondent appeared to be over 16, and the officer advised him that he was issuing him a summons. The respondent then grabbed the identification from the officer and began to leave without providing further information. The officer placed him under arrest, whereupon he violently resisted the attempt to handcuff him. Subsequently, at the police station, it was determined that respondent was under 16 and that disorderly conduct could not be charged because of his age.
The issue is whether the arrest of this juvenile for disorderly conduct (Penal Law § 240.20), which is a violation, was authorized. The problem arises because a juvenile may not be charged with a violation. She/he may be prosecuted in a delinquency proceeding only for the commission of a misdemeanor or a felony. (Family Ct Act § 301.2 [1]; Matter of David W., 28 NY2d 589.)
Respondent argues that since he may not be charged with a violation then the arrest was unauthorized. Family Court Act § 305.2, referring to CPL article 140, authorizes arrests of juveniles only for a crime (misdemeanors and felonies) and not a violation, which was the offense alleged committed herein. (See, Matter of Clive W., 109 Misc 2d 788.) The defense further asserts that the recent Court of Appeals decision in People v Peacock (68 NY2d 675) is dispositive since it holds that an unauthorized arrest may never form the basis for the predicate underlying a charge of resisting arrest. (Penal Law § 205.30.)
The petitioner argues that if an alleged perpetrator actually appears over the age of 16 (as in this instance), and there is probable cause for the arrest, then the arrest is an authorized one. He relies on the fact that CPL 140.10 permits-an arrest of an adult, under proper circumstances, for any offense, both violations and crimes. (See, Matter of Christopher B., 122 Misc 2d 377.)
It is this court’s opinion that when a police officer makes an arrest for an offense committed in his view, the officer’s decision as to whether he has probable cause for the arrest is based on his assessment of the facts as they appear at the time of arrest, which also includes an assessment of the perpetrator’s age. (People v Coffey, 12 NY2d 443; People v Johnson, 42 Misc 2d 164; Matter of Christopher B., supra.)
*452 If probable cause exists for an arrest, but the defendant is later acquitted after trial of the predicate charge, the conviction for resisting arrest remains viable. (People v Williams, 25 NY2d 86; People v Bertino, 93 AD2d 972.) Analogous to the aforementioned cases, the arrest by the officer in this case was based on probable cause. This court had the opportunity to observe the respondent and found that the officer’s belief that the respondent was over 16 was reasonable. However, the predicate charge of disorderly conduct could not be sustained only because of the defense of infancy. (Penal Law § 30.00.)
In People v Peacock (supra) (relied on by defense counsel) the arrest was not based on probable cause and therefore it was unauthorized. The Court of Appeals found that the "no sock” provision (Penal Law § 35.27) does not metamorphize an unauthorized arrest into an authorized one. Peacock is distinguishable from this case since the arrest of this respondent was authorized because it was based on a reasonable belief as to age, and probable cause that an offense was committed. Therefore, all the necessary elements for the charges of resisting arrest were presented.
Accordingly, this court finds that the presentment agency has sustained its burden of proving, beyond a reasonable doubt, that the respondent committed an act which if committed by an adult would constitute the crime of resisting arrest, a violation of Penal Law § 205.30.
Notify respondent, his parent and both attorneys to appear on May 13, 1987 to schedule a dispositional hearing.