**Garrett R. LACARA, Plaintiff,**

v.

**TOWN OF ISLIP; Frank Jones, in his individual capacity and as Supervisor of the Town of Islip, and Gregory Clifton, in his capacity as a law enforcement officer of the Town of Islip, Defendants.**

**No. CV 92–0395.**

United States District Court, E.D. New York.

May 21, 1992.

Richard D. Haley, Hauppauge, N.Y., for plaintiff.

Reisman, Peirez, Reisman & Calica by Robert M. Calica, Garden City, N.Y., for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In the above-referenced case, Garrett R. Lacara ("plaintiff") brings suit under 42 U.S.C. § 1983 against the Town of Islip ("the Town"), Frank Jones ("Jones"), both in his individual capacity and as Supervisor of the Town of Islip, and Officer Gregory Clifton ("Clifton") (collectively "defendants") for alleged violations of plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments based on an allegedly malicious prosecution initiated by Jones. Plaintiff also brings pendent state claims. Now before the Court is defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, the motion is denied.

## I. BACKGROUND

Plaintiff alleges that on January 10, 1990, for personal reasons and without probable cause, Jones caused Officer Clifton to commence a prosecution against plaintiff for a violation of Section 68, Subdivision 40 of the Town of Islip's zoning ordinance through the issuance of an "appearance ticket." Plaintiff does not allege that he was arrested, detained or taken into custody, or that his person or property was searched.

Plaintiff states that on February 20, 1991, after a trial, the District Court of Suffolk County issued a decision and order in this case in which he was acquitted of the charge against him. If he had been convicted, he would have been guilty of a "violation" and subject to a fine of not more than five hundred dollars or fifteen days in jail. *See* Islip Town Code § 68–421.

Defendants contend that: (1) plaintiff fails to state a claim for criminal malicious prosecution under New York law because he was charged with a "violation" rather than a "crime"; (2) plaintiff fails to state a claim for civil malicious prosecution under New York State Law because he does not allege that he was arrested, detained or searched; and (3) plaintiff fails to state a claim under § 1983 because he has not alleged a deprivation of constitutional dimensions.

## II. DISCUSSION

Under the facts of this case, where plaintiff apparently was not arrested, detained or taken into custody, and neither his person nor his property was searched, in order to properly plead a § 1983 claim based on malicious prosecution, the allegedly malicious prosecution must be criminal rather than civil in nature. *Easton v. Sundram*, 947 F.2d 1011, 1017–18 (2d Cir.1991) (dismissing § 1983 action premised on malicious civil prosecution and noting that such grounds will normally not give rise to a § 1983 action), *cert. denied,* — U.S. —, 112 S.Ct. 1943, 118 L.Ed.2d 548; *see Cameo Convalescent Center, Inc. v. Senn,* 738 F.2d 836, 846 (7th Cir.1984) (reversing a judgment in a § 1983 action based on a claim that a nursing home had been maliciously prosecuted for regulatory violations), *cert. denied, sub. nom. Percy v. Cameo Convalescent Center, Inc.,* 469

U.S. 1106, 105 S.Ct. 780, 83 L.Ed.2d 775 (1985).

■ The elements of a § 1983 claim based on malicious criminal prosecution and the state law claim for such a tort are the same:

> (1) the defendant either commenced or continued a criminal proceeding against the plaintiff; (2) the proceeding terminated in the plaintiff's favor; (3) there was no probable cause for the criminal proceeding; and (4) that the criminal proceeding was instituted in actual malice.

*Janetka v. Dabe*, 892 F.2d 187, 189 (2d Cir.1989) (citations omitted); *see also Conway v. Village of Mount Kisco, N.Y.*, 750 F.2d 205, 214 (2d Cir.1984).[1] The parties agree that for purposes of defendants' motion to dismiss, plaintiff's complaint satisfies all the above elements except that defendants argue that the underlying prosecution was not "criminal" because plaintiff was charged with a "violation" rather than a "crime." *See* New York Penal Law § 10.00(6) (defining "crime" as a misdemeanor or felony).

■ In *Easton*, the Second Circuit states "that criminal malicious prosecution typically implicates constitutional rights secured by the fourteenth amendment, such as deprivation of liberty, that are not automatically implicated in a malicious civil suit." *Easton*, 947 F.2d at 1017. *Easton* continues by noting that where a " 'plaintiff has not been physically abused, detained, prosecuted due to racial or political motivation or otherwise deprived of equal protection of the law, courts are reluctant to find "conscience-shocking" conduct that would implicate a constitutional violation.' " *Easton*, 947 F.2d at 1018 (quoting *Torres v. Superintendant of Police of Puerto Rico*, 893 F.2d 404, 410 (1st Cir.1990)).[2] Thus, this Court finds that under *Easton*, if the alleged malicious prosecution is more criminal than civil in nature, and if the alleged conduct shocks the conscience of the Court, then plaintiff's complaint withstands defendants' motion to dismiss.

The key difference between civil charges and a charge of a "violation" is that in the latter, the defendant is subject to incarceration. For that reason, parties charged with offenses or violations are protected by New York's Criminal Procedure Laws as are parties charged with "crimes." *See* New York Criminal Procedure Law § 1.10(1)(a); New York Penal Law § 5.05(1), (2); *see also McKinney's*, New York Penal Law § 10.00, Notes of Decisions no. 3 (1987) ("a town may characterize offenses ... as 'violations', ... and the prosecution thereof is in the nature of a criminal proceeding) (citation omitted).

Although New York courts have held that a violation is not a "crime" for certain purposes, *see e.g., In re W*, 34 A.D.2d 1100, 312 N.Y.S.2d 544, 545 (4th Dep't 1970) ("a 'violation' may not be the basis of a juvenile delinquency proceeding"), *aff'd*, 28 N.Y.2d 589, 319 N.Y.S.2d 845, 268 N.E.2d 642 (Ct.App.1971), this Court finds that for purposes of a party's right to bring a § 1983 action based on malicious prosecution, a charge of a violation is a "criminal proceeding." [3]

---

1. Defendants note that under New York law, a claim for malicious civil prosecution must also allege an interference with the plaintiff's person or property. *See Belsky v. Lowenthal*, 47 N.Y.2d 820, 418 N.Y.S.2d 573, 574, 392 N.E.2d 560 (Ct. App.1979); *Otiniano v. Magier*, 580 N.Y.S.2d 759 (1st Dep't 1992). However, to the extent that the underlying prosecution in this case is criminal in nature, these cases are inapposite.

2. In *Torres*, the First Circuit dismissed a § 1983 action premised upon alleged criminal malicious prosecution. Similarly, in *Gunderson v. Schlueter*, 904 F.2d 407 (8th Cir.1990), also cited by defendants, the Eighth Circuit dismissed a § 1983 claim based on an allegedly malicious prosecution for violations of a fish and game ordinance. In *Torres*, however, a Commonwealth District Court judge had found probable cause for the initial arrest, *Torres*, 893 F.2d at 406, and in *Gunderson*, the district court had dismissed the § 1983 action as a matter of law due to a County Court's finding of probable cause for the issuance of the complaint. *Gunderson*, 904 F.2d at 408–09.

3. Indeed, claims for malicious prosecution based on disorderly conduct (a violation) have been upheld by New York courts. *See Pritchett v. State*, 61 A.D.2d 1110, 403 N.Y.S.2d 579, 580 (3rd Dep't 1978) (noting that the New York Court of Claims had granted a recovery of $2,500 on a malicious prosecution claim premised on a charge of disorderly conduct which

Furthermore, if the allegations in plaintiff's complaint are proven true—as must be assumed on defendants' motion to dismiss—and the alleged misconduct was initiated by the Town Supervisor of Islip, the highest elected official in a community of approximately 300,000, this Court's conscience would indeed be shocked.

### III. CONCLUSION

For the aforementioned reasons, defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied.

SO ORDERED.

had been commenced with an appearance ticket); *Lester v. Solotaroff,* 273 A.D. 32, 75 N.Y.S.2d 360 (1st Dep't 1947) (upholding malicious prosecution claim based on charge of disorderly conduct); *cf. Geltzer v. Russel,* 49 A.D.2d 823, 373 N.Y.S.2d 566, 567 (1st Dep't 1975) (granting defendant police officer in false arrest/malicious prosecution case based on an arrest for disorderly conduct the right to bring a third-party action for indemnification against the Village of Southampton).