■ In the Matter of LATOYA D., a Person Alleged to be a Juvenile Delinquent, Appellant. [638 NYS2d 128] —In a proceeding pursuant to Family Court Act article 7 to adjudge Latoya D. a person in need of supervision, Latoya D. appeals from an order of the Family Court, Westchester County (Bellantoni, J.), entered June 5, 1995, which adjudged her a person in need of supervision and directed that she be placed under the supervision of the Westchester County Department of Probation for a period of one year.

Ordered that the order is affirmed, without costs or disbursements.

On March 5, 1995, Marsha C. and her daughter Latoya D., the appellant, who was then 15 years old, had an argument which escalated into a fight, during which Latoya threatened her mother with a razor and a knife. After the fight Marsha filed a petition alleging that Latoya was a "person in need of supervision" (hereinafter PINS), as defined under Family Court Act § 711 *et seq.* At a fact-finding hearing, in addition to the foregoing altercation, Latoya admitted that she "always" carried a box cutter. Moreover, Marsha testified that Latoya had become a discipline problem by, *inter alia,* staying out late and not fulfilling her responsibilities at home. Upon completion of the hearing, Latoya was adjudged a PINS. Latoya appeals from this determination.

While it is well settled that a person cannot be adjudged a PINS based on a single isolated incident *(see, Matter of Raymond O.,* 31 NY2d 730; *Matter of David W.,* 28 NY2d 589; *Matter of Erik P.,* 42 AD2d 908), Latoya was "incorrigible, ungovernable or habitually disobedient and beyond the lawful control of [her] parent" *(Matter of David W., supra,* at 590).

Latoya's remaining contentions are without merit. Rosenblatt, J. P., Hart, Krausman and Goldstein, JJ., concur.