Per Curiam.

Orders reversed in the Luis J., Carlos S., and Barry A. actions, and the several proceedings remitted to the respective sentencing courts for consideration of defendants as youthful offenders and such resentencing as the court may in its discretion impose in accordance with CPL .720.20. The order in the Drummond action is affirmed.
For the applicable reasons stated in the dissenting opinion of Mr. Justice Samuel Rabin at the Appellate Division the limitations in CPL 720.10 conditioning eligibility for youthful offender treatment on the highest count of the indictment violate due process of law, and to that extent are declared unconstitutional (see, also, People v Goodwin, 49 AD2d 53, 55-58 [Greenblott, J., dissenting], concluding that the statute is unconstitutional but on an equal protection analysis; People v Brian R., 78 Misc 2d 616 [Polsky, J.], affd 47 AD2d 599). Such limitations make the privileged penal sanction to be imposed depend solely upon an accusation, however formal, rather than an adjudication, however informal, in the adversarial criminal process. Thus viewed, the issue involves due process of law rather than an equal protection analysis which so often raises nebulous problems (see People v Charles S., 79 Misc 2d 1058, 1059-1060 [Polsky, J.]; People v Brian R., supra). A plea of guilty in this context involves no waiver because the illegality subject to appellate review affects the sentence to be imposed. By traditional analysis the illegality of a sentence imposed is generally subject to review. Insofar as the presentence proceedings are concerned the initial steps taken under *993 CPL 720.10 are only to determine eligibility for treatment as a youthful offender. The determinations do not become choate until sentence.
With respect to defendant Drummond the order is affirmed solely on the ground that the issue of invalidity of the youthful offender statute was never raised until the appeal was pending in the Appellate Division. Hence, the contention of invalidity was waived.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
In People v Drummond: Order affirmed.
In People v Luis J.: Order reversed and the case remitted to Supreme Court, Kings County, for further proceedings in accordance with the opinion herein.
In People v Carlos S.: Order reversed and the case remitted to Supreme Court, Westchester County, for further proceedings in accordance with the opinion herein.
In People v Barry A.: Order reversed and the case remitted to Suffolk County Court for futher proceedings in accordance with the opinion herein.