■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN HAREWOOD, Appellant.—Judgment, Supreme Court, New York County, rendered April 7, 1975, convicting defendant of resisting arrest (Penal Law,

§ 205.30) and sentencing him to probation for a period of three years, is unanimously reversed, on the law, and a new trial ordered on the fourth count of the indictment (resisting arrest). Defendant indicted for several counts of the crimes of assault in the second degree, resisting arrest, harassment, and disorderly conduct, was acquitted by the jury on all counts except one count of resisting arrest. An essential element of the crime of resisting arrest is that the arrest involved be "an authorized arrest." (Penal Law, § 205.30.) And the Trial Judge at several places so charged but at least twice having said that, the Trial Judge quoted section 35.27 of the Penal Law (the No Sock Law) which forbids the use of physical force to resist an arrest whether authorized or unauthorized, and further said, apparently as to the crime of resisting arrest: "even should you find that the arrest was not authorized this would not be a defense to the charge of [sic] if you should further find that the defendant used physical force to impede or resist an unauthorized arrest. This is to say, the law does not permit you for example to punch the arresting officer in resistance to an arrest, consequently, therefore, if upon review of all the evidence in this case you should find beyond a reasonable doubt that on the day of March 9th, 1973 the defendant Martin Harewood, intentionally prevented or attempted to intentionally prevent a peace officer from effecting an authorized arrest of himself you would be justified in finding the defendant guilty of the crime of resisting arrest." Allowing for idiosyncrasies of punctuation and possible errors of transcription, it still appears to us that this portion of the charge probably left the jury with the impression that if the defendant used physical force to resist an unauthorized arrest, the defendant would be guilty of resisting arrest. In this respect, the charge was erroneous. Section 35.27 of the Penal Law does not create a new crime; it is merely a defense of justification, available to a defendant charged for example with assault or harassment, the very counts on which this defendant was acquitted. But section 35.27 of the Penal Law does not make a defendant guilty of resisting arrest if the arrest is not authorized. While there was very substantial evidence in this case that the arrest was authorized, the defendant's version of the facts was that the police seized and beat a wholly blameless citizen. The issue of whether the arrest was authorized was thus one for the jury and the jury should have been clearly instructed that defendant could not have been convicted of the crime of resisting arrest unless it was an authorized arrest. And that charge should not have been blurred or negated by a charge that a defendant would be guilty of the crime of resisting arrest even if the arrest was unauthorized if he used physical force to resist it. After the jury announced that it had arrived at a verdict, the court asked whether the jury still wanted the court to answer a note that they had sent asking what constitutes "put under arrest." Eleven of the jurors said no; one juror did ask that the question be answered. The Judge thereupon gave them a definition of authorized arrest with no reference to section 35.27 of the Penal Law. The jury then, without retiring, announced the verdict. The District Attorney argues that this shows that the jury verdict was not influenced by the objectionable portion of the charge to which we refer. We are unable to draw that inference, either as to the one juror who wanted the question answered or as to the 11 who did not. Although the objection to this charge could have been stated more precisely, we think it was sufficiently preserved by the defendant's request to charge and exception after the charge. Were it not for this error, we would affirm the judgment. In particular, in our view, it was not error to show the events of the day before as leading up to and the motivation for the events on the day of the alleged

crime. Concur—Lupiano, J. P., Birns, Silverman, Markewich and Sullivan, JJ.