OPINION OF THE COURT
Memorandum.
The order of the County Court, St. Lawrence County, should be reversed and the information dismissed.
Penal Law § 205.30 defines resisting arrest as intentionally preventing or attempting to prevent a police officer "from effecting an authorized arrest”. The People concede that the *677 officer did not have any ground to believe that defendant was committing, had committed or was about to commit an offense. That being the case, defendant’s arrest was not "authorized,” nor did her striking his arm in reaction to the officer’s attempt to detain her constitute harassment.
There being no probable cause that authorized defendant’s arrest, she cannot be guilty of resisting arrest. Penal Law § 35.27, as its title indicates, is concerned with the defense of justification and does not amend Penal Law § 205.30 to make resistance to an unauthorized arrest an offense (People v Carneglia, 63 AD2d 734; People v Harewood, 63 AD2d 876; see, People v Stevenson, 31 NY2d 108). To the extent that People v Simms (36 AD2d 23) and People v Lattanzio (35 AD2d 313) may be read to indicate otherwise, they are not to be followed.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
Order reversed, etc.