■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY ALLEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Patsalos, J.), rendered August 30, 1985, convicting him of resisting arrest, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law and the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was arrested by an off-duty police officer on charges of driving while intoxicated and resisting arrest following an altercation between the defendant and the officer. At the nonjury trial highly divergent versions as to how the incident was precipitated emerged. The testimony of the officer was that the defendant had backed his parked car into another vehicle, while the defendant testified that he never got into or attempted to drive the car at all. In rendering its verdict finding the defendant not guilty of driving while intoxicated or while impaired, the court stated that it found the evidence "insufficient as to the proof of facts of an operation of a vehicle by defendant and the defendant's physical condition". Nonetheless, the defendant was found guilty of resisting arrest.

One can only be guilty of resisting arrest where probable cause existed to make the arrest for the underlying crime (see, *People v Peacock*, 68 NY2d 675; *People v Williams*, 25 NY2d 86, 89-90). Here, the trial court as fact finder found the evidence insufficient to establish either element of the under-

lying charge, which in this case could only indicate a lack of belief in the officer's testimony. Under the circumstances, therefore, there could not have been probable cause for the defendant's arrest. In any event, we have concluded from our independent review of the facts that the People failed to prove beyond a reasonable doubt that the defendant's arrest was "authorized" *(see,* Penal Law § 205.30). Bracken, J. P., Lawrence, Eiber and Spatt, JJ., concur.