OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
In response to an anonymous telephone call indicating that a medium-build dark complected black male was selling narcotics at a particular intersection in the City of Rochester, an officer was dispatched to the reported location. Upon arrival, he observed defendant, who fit the description, at the intersection.
As defendant proceeded across the street, the officer stopped his vehicle as if to let him pass, but was motioned on. The officer did not proceed, however and alighted from his car and asked defendant to stop. Receiving no response, the officer again asked him to stop. Defendant replied, "For what? I’m walking,” and responded the same way to a third request that he stop. The officer then told defendant that he wanted to talk to him, and as he approached, attempted to physically restrain defendant who started to walk away and then started to run. The officer grabbed him by the arm, whereupon defendant spun around, striking the officer in the face. He was able to break free, but was overtaken by the officer who, after a brief struggle, managed to handcuff him. A pat-down search produced four packets of cocaine.
Defendant was subsequently charged with criminal possession of a controlled substance in the third and fifth degrees, resisting arrest and second degree assault. His ensuing motion to suppress the contraband was granted by the hearing court, that court concluding that the officer lacked a sufficient basis for the stop. The hearing court also concluded that defendant’s action in striking the police officer was "immediate, spontaneous, and proportionate to the officer’s attempt to lay hands on him when he refused to stop,” and did not attenuate *1065 the unlawful stop so as to make the arrest lawful and render the contraband admissible.
The Appellate Division affirmed noting that the People’s reliance on Penal Law § 35.27 was misplaced because that section related only to the defense of justification and did not in the circumstances of the case "provide a substantive basis for the officer’s arrest or attempted arrest of defendant.” (171 AD2d 1034.)
The People contend that the courts below erred in finding a lack of attenuation, arguing that the defendant’s unlawful striking of the officer, in violation of Penal Law § 35.27, justified the arrest and incidental search. They argue that suppression should have been denied under the authority of People v Townes (41 NY2d 97) where we concluded that the action of that defendant in pulling and firing a gun at a police officer served "to render any 'connection between the lawless conduct of the police and the discovery of the challenged evidence * * * "so attenuated as to dissipate the taint” ’ ” (id., at 102, quoting Wong Sun v United States, 371 US 471, 487). There is evidence in this record to support the determination of the courts below that defendant’s action in striking the officer was "immediate, spontaneous, and proportionate to the officer’s attempt to lay hands on him when he refused to stop” and thus, was not sufficient to attenuate the unlawful stop so as to render the arrest and seizure of the contraband lawful (see, People v Wilkerson, 64 NY2d 749). Thus, that issue is beyond this Court’s further review.
The People’s additional argument that, in striking the officer, the defendant violated the "no-sock” law (Penal Law § 35.27) and that this alleged violation could serve as the basis for the arrest and seizure of the contraband is without merit. That statute concerns the defense of justification and does not create a new substantive crime (see, People v Harewood, 63 AD2d 876; People v Simms, 36 AD2d 23, 24). Thus, although the statute might preclude a justification defense to a charge of assault, it could not serve to transform the illegal arrest of defendant into a lawful one.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.