■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL COMMESSO, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered March 30, 1990, convicting him of resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was tried on charges of disorderly conduct, resisting arrest, assault in the second degree, and attempted criminal possession of a weapon in the fourth degree. After trial, the jury convicted the defendant of resisting arrest and acquitted him of the remaining charges.

The crime of resisting arrest is set forth in Penal Law § 205.30, which provides as follows: "A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or a peace officer from effecting an authorized arrest of himself or another person". The record indicates that the trial court clearly stressed, in both its main charge and in a supplemental charge, that the defendant could be found guilty of this crime only if the People proved beyond a reasonable doubt, *inter alia,* that the defendant had resisted an authorized arrest. Specifically, the trial court charged as follows:

"Now, I shall go on and discuss with you the charge of resisting arrest. The indictment charges that the defendant committed the crime of resisting arrest as follows, in the following manner: The defendant, in the County of Westches-

ter, State of New York, on or about July 29, 1989, did intentionally prevent or attempt to prevent a police officer from effecting an *authorized* arrest of the defendant.

"Section 205.30 of the Penal Law insofar as it relates to this case reads as follows: 'A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer from effecting an *authorized* arrest of himself.'

"In order to find the defendant guilty of the crime, the People are required to prove from all of the evidence in this case beyond a reasonable doubt each of the following five elements: first, that on or about July 29, 1989, in the County of Westchester, Officer Bravo, a police officer, was effecting an arrest of the defendant.

"The second element, that this arrest was *authorized* in that Officer Bravo had reasonable cause to believe that the defendant had committed an offense in his presence, alleged here to be disorderly conduct. * * *

"The third element is that the defendant fought with Officer Bravo.

"The fourth element, that at the time he fought with Officer Bravo, the defendant knew that the officer was a police officer. According to the law a person knows that a person is a police officer when he is aware that such person is a police officer.

"The fifth element, that in so doing the defendant intentionally attempted to prevent Officer Bravo from effecting an *authorized* arrest of himself * * * when his conscious aim or objective is to prevent or attempt to prevent such an arrest.

"Therefore with respect to this count of the indictment, if you find the People have proved to your satisfaction beyond a reasonable doubt each of the five elements I have just explained and read to you, if you find each of those five elements have been proven beyond a reasonable doubt, then you may convict the defendant of the crime of resisting arrest.

"If you find that the People have not proven any one or more of the elements beyond a reasonable doubt, then you must find the defendant not guilty of this crime.

"The elements once again are the following: on or about July 29, 1989, in the County of Westchester, Officer Bravo, a police officer, was effecting an arrest of the defendant.

"Two, that the arrest was *authorized* and that Officer Bravo had reasonable cause to believe the defendant had committed an offense in his presence.

"Third, that the defendant fought with Officer Bravo.

"Fourth, at the time he fought with Officer Bravo, the defendant knew that Officer Bravo was a police officer.

"Fifth, that the defendant attempted to prevent Officer Bravo from effecting an *authorized* arrest of himself. * * *

"Okay. Moving on to resisting arrest. There are five elements. They are as follows: number one, on or about July 29, 1989, in the County of Westchester, Officer Bravo, a police officer, was effecting an arrest of the defendant.

"Second element, that the arrest was *authorized* in that Officer Bravo had reasonable cause to believe that the defendant had committed an offense in his presence, to wit: disorderly conduct.

"The third element, that the defendant fought with Officer Bravo.

"Fourth element, that at the time he fought with Officer Bravo, defendant knew that Officer Bravo was a police officer.

"The fifth element, the last element, that in so doing, the defendant attempted to prevent Officer Bravo from effecting an *authorized* arrest of himself" (emphasis supplied).

The defendant argues that by referring to Penal Law § 35.27 once in the charge prior to its discussion of the elements of resisting arrest, the trial court confused the jury and led it to believe that the defendant could be found guilty of resisting arrest even if the arrest was unauthorized. However, the case relied on by the defendant, *People v Harewood* (63 AD2d 876), is inapposite. In that case, the trial court correctly charged the jury on several occasions that an essential element of the crime of resisting arrest is that the arrest be " 'an authorized arrest' " *(People v Harewood, supra,* at 877). However, the trial court in *Harewood,* on at least two occasions, immediately thereafter tempered that definition by quoting Penal Law § 35.27, and further stated with respect to the crime of resisting arrest: " 'even should you find that the arrest was not authorized this would not be a defense to the charge * * * if you should further find that the defendant used physical force to impede or resist an unauthorized arrest' " *(People v Harewood, supra,* at 877). The charge in the instant case did not blur the distinction between authorized and unauthorized arrests, and accordingly, the judgment is affirmed. Mangano, P. J., Harwood, and Lawrence, JJ., concur.

O'Brien, J., dissents, and votes to reverse the judgment, and order a new trial, on the law, in a memorandum in which Rosenblatt, J., concurs. The defendant was tried on charges of disorderly conduct, resisting arrest, assault in the second

degree, and attempted criminal possession of a weapon in the fourth degree following an incident in an office building parking lot around midnight one Friday night. A restaurant was located at the other end of the lot, and there was some evidence that the defendant was intoxicated. A security guard assigned to the office buildings called the police because the defendant, who was mumbling obscenities and walking "in a daze," ignored his request to leave the premises. When the police officer arrived, the defendant did not comply with his request for identification and continued yelling obscenities. The officer told the defendant he was under arrest for disorderly conduct, and the defendant replied "No, no, I'm not". The officer grabbed the defendant's arm in order to handcuff him and hit the defendant's legs with a baton when the defendant reached out for him. The defendant and officer wrestled on the ground before the defendant was handcuffed and placed in a patrol car. The officer testified that he arrested the defendant because he was "yelling and screaming obscenities," not because of any threatening or assaultive conduct. At the trial, the defendant introduced records from his treatment at a hospital later that same morning which indicated that he suffered a concussion and bruises. The defense counsel argued on summation that the defendant's arrest was unlawful. The defendant was convicted solely of the charge of resisting arrest.

We agree with the defendant that he is entitled to a new trial because the court's charge was improper. After the court charged on the elements of disorderly conduct, it instructed the jury that "certain standards * * * pertain to the charges contained in the indictment and you will consider these instructions when considering the charges in the indictment that I will instruct you on". The court then instructed the jury, at the People's request and over defense counsel's objection, on Penal Law § 35.27, which provides that "[a] person may not use physical force to resist an arrest, whether authorized or unauthorized, which is being effected or attempted by a police officer". The court then immediately charged the jury on resisting arrest, which provides that "[a] person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer * * * from effecting an authorized arrest of himself" (Penal Law § 205.30). The court also instructed the jury that the offense alleged to have been committed in the officer's presence was disorderly conduct.

We agree with the defendant that the court erred in charging Penal Law § 35.27 since it very likely confused the jury as

to whether the defendant could be found guilty of resisting arrest even if the arrest was unauthorized. As the Appellate Division, First Department stated in *People v Harewood* (63 AD2d 876, 877), "Penal Law § 35.27 does not create a new crime; it is merely a defense of justification, available to a defendant charged for example with assault or harassment * * * The issue of whether the arrest was authorized was thus one for the jury and the jury should have been clearly instructed that defendant could not have been convicted of the crime of resisting arrest unless it was an authorized arrest". In *People v Felton* (78 NY2d 1063), the defendant was charged with possession of drugs, assault, and resisting arrest. The suppression court found that the stop of the defendant was unlawful. The Court of Appeals agreed and rejected the People's argument that Penal Law § 35.27 justified the arrest of the defendant and the seizure of the contraband because the defendant struck the officer after the illegal stop. The court stated that Penal Law § 35.27 does not create a new substantive crime. Although it might preclude a justification defense to assault, "it could not serve to transform the illegal arrest of defendant into a lawful one" *(supra,* at 1065).

Here, while Penal Law § 35.27 might have precluded a justification defense in connection with the assault charge, it was error to inject this instruction into the case once the court had denied the defendant's request for a justification charge. The charge was particularly prejudicial because the court indicated that Penal Law § 35.27 applied to all of the counts in the indictment. We do not find that this was harmless error since the defendant was acquitted of all the charges in the indictment except resisting arrest.