OPINION OF THE COURT
Levine, J.
After a jury trial, defendant was convicted of two counts of assault in the second degree, for causing physical injuries to two officers of the Suffolk County Police Department with intent to prevent each of them from performing a lawful duty; assault, third degree, for recklessly causing physical injury to one of the officers; and resisting arrest.
The charges against defendant arose from an incident which began about 3:00 a.m. November 18, 1987 on Davidson Street in Wyandanch. While patrolling in a marked police car, uniformed Suffolk County Police Officers James Faughnan and Bryan Carty observed a red Hyundai automobile parked partly on the street and partly on the dirt yard of an abandoned house which they believed to be the site of drug and prostitution activities. The officers’ version of what transpired was as follows. They pulled alongside the Hyundai and asked defendant, sitting in the driver’s seat, for his license and registration and an explanation for his presence at that location. Defendant responded by rolling his window up, making an obscene hand gesture and slowly moving his vehicle forward. The officers then moved the patrol car at an angle to block defendant’s forward movement and exited to position themselves on each side of defendant’s vehicle. Because it was dark, raining and the windows of the Hyundai were tinted, the officers had difficulty seeing inside defendant’s vehicle. But when they saw defendant appear to be reaching down for something below the passenger seat, the officer near the passenger’s side broke the side window with his flashlight and ordered defendant at gunpoint to come out of his vehicle. Defendant then wildly maneuvered his car to extricate himself from the situation and eventually did so, but not before both officers were injured by contact with the Hyundai and three shots were fired by the police at defendant’s car, one of which hit defendant in the elbow. After a high-speed chase for several miles, culminating at a dead-end street, defendant fled from his vehicle by foot and was then apprehended by Officer Faughnan and placed in handcuffs after a physical struggle in which he kicked and punched both officers.
*195 The Appellate Division vacated the two assault, second degree, convictions and dismissed those charges (190 AD2d 764). Relying on our holding in People v May (81 NY2d 725) (decided after defendant’s trial), the Appellate Division concluded that the police officers were engaged in an unlawful seizure of defendant when they detained him by blocking his vehicle and displaying their weapons without having any reasonable suspicion that criminal activity was afoot at the time. The illegality of the seizure, therefore, negated a necessary element of the assault, second degree, convictions, i.e., that the defendant’s acts against the police in evading detention were committed "[w]ith intent to prevent [them] from performing a lawful duty” (Penal Law § 120.05 [3] [emphasis supplied]). Because the illegality of the seizure of defendant by the police had not been raised at the trial level, however, the Appellate Division invoked its interest of justice discretionary authority to vacate and dismiss the felony assault convictions (see, CPL 470.15 [3]). The Court, however, affirmed the convictions for reckless assault, third degree, and resisting arrest. A Judge of this Court granted defendant leave to appeal. We now affirm.
On this appeal from the affirmance of his assault, third degree, and resisting arrest convictions, defendant urges only two points. The first of his grounds for reversal is that substantive due process bars convicting him for actions in direct response to the "grossly” illegal seizure of his person by the police.* As defendant concedes, however, this constitutional objection was raised for the first time before the Appellate Division and, thus, is beyond our power to review unless it falls within the narrow class of cases in which we have held preservation by timely objection is unnecessary.
Exceptions to the preservation rule have been limited to errors going to the very organization of the court or at such basic variance with the mode of procedure mandated by law that they impair the essential validity of the criminal proceedings (see, People v Patterson, 39 NY2d 288, 295-296; see also, People v Michael, 48 NY2d 1, 6). We have generally applied the preservation rule to due process objections (see, e.g., People v Iannelli, 69 NY2d 684, 685; People v Barry A., 40 NY2d 991, 993). Notably, in People v Patterson (53 NY2d 829, 831) we *196 held that an objection based upon an unlawful seizure of the defendant’s person was fully subject to the timely preservation requirement. Defendant’s challenge to the constitutionality of his conviction based on the unlawful seizure of his person by the police here is not distinguishable in kind from that raised by the defendant in People v Patterson (supra) as to whether some exception to the preservation rule applies (see also, People v Dancey, 57 NY2d 1033, 1035; People v Martin, 50 NY2d 1029, 1031). Accordingly, we find this claim unpreserved for our review.
Defendant’s remaining point is addressed only to his resisting arrest conviction. He argues that because the Appellate Division expressly found that the acts of the police in detaining and attempting to seize him "were unlawful at the time the alleged injuries [to the police] were inflicted” (190 AD2d 764, 767, supra), defendant’s arrest by the police was not "authorized”, thus negating an essential element of the crime of resisting arrest (see, Penal Law § 205.30; People v Peacock, 68 NY2d 675, 677). We disagree.
The trial court charged the jury that, to find defendant guilty of resisting arrest, it was required to find beyond a reasonable doubt, inter alla, that defendant "punched and kicked” the two officers, knowing that they were police officers, and in doing so intentionally attempted to prevent the officers from effecting an authorized arrest. Both officers testified that the only punching and kicking by defendant occurred well after the initial incident on Davidson Street and defendant’s flight therefrom, when Officer Faughnan apprehended him on foot and both officers were attempting to subdue and handcuff him. Although defendant gave a different version of his and the officers’ conduct when he was finally apprehended, there is no reasonable view of the evidence that any punching or kicking by him occurred at any earlier point in the entire incident.
Similarly, under the trial court’s very specific fact-related instructions to the jury in submitting assault, third degree, as a lesser included offense to one of the other counts of the indictment, the verdict convicting defendant of assault in the third degree was necessarily based upon the jury’s finding that Officer Carty was injured by contact with defendant’s car during the initial Davidson Street encounter as a result of defendant’s reckless conduct in maneuvering his automobile to avoid being detained by the officers. Defendant has not *197 disputed the legal sufficiency of the People’s evidence to support that finding.
Moreover, there is no issue properly before this Court of defendant’s justification for his use of force in this initial encounter with the police. Penal Law § 35.27 provides that "[a] person may not use physical force to resist an arrest, whether authorized or unauthorized, which is being effected or attempted by a police officer * * * when it would reasonably appear that the latter is a police officer” (emphasis supplied). Defendant did not timely request a jury instruction that he would have been justified in using physical force in self-defense against any excessive force employed by the police in attempting to detain him (cf., People v Stevenson, 31 NY2d 108, 112) and the trial court’s refusal to entertain defendant’s belated request to charge surely cannot be viewed as an abuse of discretion as a matter of law. Therefore, defendant’s commission of an assault, third degree, against Officer Carty during that initial encounter furnished the predicate for his subsequent authorized arrest by Officer Faughnan. Accordingly, defendant’s conviction for resisting that arrest was properly affirmed by the Appellate Division.
The order of the Appellate Division should be affirmed.

 Contrary to the position of the dissent, defendant does not claim on this appeal that there was any constitutional flaw in the conduct of the trial itself.