■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH GREENE, Appellant. [634 NYS2d 144] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered April 23, 1993, convicting him of assault in the second degree, obstructing governmental administration in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant became involved in a physical altercation with several police officers when he allegedly attempted to prevent them from issuing a desk appearance ticket to another individual. The defendant was thereafter charged with assault in the second degree pursuant to Penal Law § 120.05 (3), i.e., he was charged with intentionally preventing a police officer from performing a lawful duty, and causing physical injury to that officer. The defendant was also charged with obstructing governmental administration and resisting arrest.

With respect to the second degree assault count, the court instructed the jury, inter alia, that if it found that the officer

in question was attempting to arrest the defendant, then as a matter of law "he was performing a lawful duty". As to the count charging the defendant with obstructing governmental administration, the court instructed the jury that, as a matter of law, issuing a desk appearance ticket was an "official function" of a Nassau County Police Officer. The court did not instruct the jury to consider whether the police officer's actions were authorized. In charging the jury with respect to the resisting arrest count, the court read the statutory definition, which included the requirement that the arrest was "authorized" but offered no further instruction or explanation with respect to the concept of authorization (see, CPL 300.10 [3]). We reverse.

A defendant may not be convicted of resisting arrest or interfering with an officer in the performance of an official function unless it is established that the police were engaged in "authorized" conduct (People v Volition, 83 NY2d 192, 196; People v Peacock, 68 NY2d 675, 677; People v Lupinacci, 191 AD2d 590; People v Harewood, 63 AD2d 876). Similarly, in order to convict the defendant of assault in the second degree pursuant to Penal Law § 120.05 (3), it was necessary for the People to prove, inter alia, that the defendant's acts were committed with intent to prevent the officers from performing a "lawful duty" (see, People v Volition, supra, at 195; People v Smith, 50 AD2d 670, 672).

Here, however, the court's charge effectively removed from the jury's consideration the lawfulness of the police conduct, and also whether their actions were authorized under the circumstances presented (see, People v Volition, supra, at 196; People v Lupinacci, supra; People v Harewood, supra; People v Peacock, supra). Indeed, the court's instruction left the jury with the impression that any attempt to make an arrest established authorized and lawful conduct as a matter of law. Whether the arrest was lawful and whether the police conduct was authorized were elements of the crimes charged which should have been submitted to the jury for resolution (People v Harewood, supra; see also, 2 CJI[NY] PL 120.05 [3], at 110A-110D [Charges and Text of volume 2]; People v Lopez, 200 AD2d 767, 768; People v Pineiro, 116 AD2d 599; cf., People v Martinez, 81 NY2d 810, 812; CPL 300.10 [2]).

Under the circumstances, the defendant is entitled to a new trial. We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Altman, Goldstein and Florio, JJ., concur.