OPINION OF THE COURT
Donald J. Mark, J.
The defendant was charged with the crimes of assault in the *53 second degree, Penal Law § 120.05 (3) (the defendant with intent to prevent a police officer from performing a lawful duty caused physical injury to such police officer); obstructing governmental administration in the second degree, Penal Law § 195.05 (the defendant attempted to prevent a police officer from performing an official function by leading a police officer on a high-speed chase, refusing to be arrested and fighting with police officers); and resisting arrest, Penal Law § 205.30 (the defendant attempted to prevent an authorized arrest of himself for speeding).
At the trial the People adduced the following evidence:
That a Gates police officer in the Town of Gates attempted to stop the defendant’s vehicle for speeding; that the defendant refused to stop, and a high-speed chase ensued; that both vehicles eventually stopped in the City of Rochester, and per normal protocol the officer drew his weapon; that the defendant fled into a nearby restaurant, would not submit to the officer’s arrest and insisted that he be arrested by a Rochester police officer; that a Rochester police officer began to usher the defendant out of the restaurant, when the defendant’s father attempted to prevent his son’s arrest;[1] that as the defendant’s father was being arrested by a Gates police officer, the defendant assaulted another Gates police officer.
At the trial the defendant adduced the following evidence:
That the defendant was unaware that the Gates police officer wanted to issue him a ticket for speeding, but that in any event he was not speeding; that he became apprehensive when the officer drew his weapon after the two vehicles stopped; that because of this apprehension he sought refuge in a restaurant, where he deliberately evaded arrest; that he insisted that he be arrested by a Rochester police officer, and such officer started to escort him out of the restaurant; that Gates police officers were injuring his father while arresting him, and he acted only to protect his father; that he only prevented his father from being punched by a Gates police officer, and he did not assault him.
A common element of all three crimes for which the defendant was charged was that he was involved in physical altercations of different types with various Gates police officers. Thus, section 35.27 of the Penal Law (the so-called "No-Sock” stat *54 ute) has superficial applicability to these crimes. Nevertheless, the effect of this statute was not charged to the jury.
That section provides as follows: "A person may not use physical force to resist an arrest, whether authorized or unauthorized, which is being effected or attempted by a police officer” (Penal Law § 35.27). This section was designed to prevent combat between the individual being arrested and the police officer arresting him arising out of a dispute as to the validity of the arrest (People v Sanza, 37 AD2d 632).
However, this section is inapplicable to Penal Law § 120.05 (3), assault in the second degree, one element of which is that the police officer be performing a lawful duty (People v Voliten, 83 NY2d 192); Penal Law § 195.05, obstructing governmental administration in the second degree, one element of which is that the police officer be performing an official function (People v Lupinacci, 191 AD2d 589); or Penal Law § 205.30, resisting arrest, one element of which is that the police officer be effecting an authorized arrest (People v Peacock, 68 NY2d 675).
All of the salient cases which have discussed the applicability or nonapplicability of Penal Law § 35.27 have done so in terms of the defense of justification (People v Felton, 78 NY2d 1063, 1065 ["That statute concerns the defense of justification and does not create a new substantive crime”]; People v Peacock, 68 NY2d 675, 677, supra ["Penal Law § 35.27, as its title indicates, is concerned with the defense of justification”]; People v Commesso, 184 AD2d 719, 723 [dissent], lv denied 80 NY2d 1026 ["while Penal Law § 35.27 might have precluded a justification defense in connection with the assault charge, it was error to inject this instruction into the case once the court had denied the defendant’s request for a justification charge”]; People v Harewood, 63 AD2d 876, 877 ["(s)ection 35.27 of the Penal Law * * * is merely a defense of justification, available to a defendant charged for example with assault”]).
The tenor of these cases is that if a defendant claims he was justified in using physical force to defend himself or a third person from the alleged use of excessive physical force by a police officer in effecting an arrest (see, People v England, 191 AD2d 706), and he requests a charge on justification, then as a result thereof the prosecution is entitled to a charge on the purport of Penal Law § 35.27 (see, People v Commesso, 184 AD2d 719, 721-723 [dissent], lv denied 80 NY2d 1026, supra). That apparently is the reason those cases refer to this section in terms of the defense of justification.
*55 The case of People v Voliton (83 NY2d 192, supra) is appropriately illustrative of the principle that section 35.27 of the Penal Law applies to all forms of assault upon a police officer except a violation of section 120.05 (3) of the Penal Law.
There, two police officers without any legal-basis attempted to obtain information from the driver of a vehicle; the defendant refused to comply and while driving his vehicle from the scene injured the two officers by striking them with his vehicle; after a high-speed chase, the defendant was apprehended, and he was arrested after a fight with the two officers. The defendant was convicted of two counts of assault in the second degree in violation of Penal Law § 120.05 (3) for causing physical injuries to the two officers, assault in the third degree for recklessly causing physical injury to one of the officers and resisting arrest.
The Appellate Division vacated the two assault in the second degree convictions, because it found that the illegality of the seizure negated a necessary element of that crime, viz., the police were performing a lawful duty; the convictions for assault in the third degree (reckless assault) and resisting arrest were affirmed. The Court of Appeals affirmed both aspects of the appellate decision for the same reasons, concluding that the reckless assault constituted a sufficient basis for the defendant’s subsequent arrest, which he resisted although it was an authorized arrest.
That case is barren of any juxtaposition between the two counts of assault in the second degree and Penal Law § 35.27, in relation to the assault upon the two police officers in violation of Penal Law § 120.05 (3).
However, in relation to the reckless assault upon one police officer, that Court used this language: "Moreover, there is no issue properly before this Court of defendant’s justification for his use of force in this initial encounter with the police. Penal Law § 35.27 provides that '[a] person may not use physical force to resist an arrest, whether authorized or unauthorized * * * when it would reasonably appear that the latter is a police officer’ (emphasis supplied). Defendant did not timely request a jury instruction that he would have been justified in using physical force in self-defense against any excessive force employed by the police in attempting to detain him” (People v Voliton, supra, at 197).
Since all the case law is consistent that the defense of justification and Penal Law § 35.27 are interwoven, the reference in that case to this section in regard to the reckless as *56 sault upon one police officer, but not in regard to the assault upon the two police officers in violation of Penal Law § 120.05 (3), is an implicit holding that this section is applicable to the former crime, and not applicable to the latter crime.
Therefore, in this case, where the defendant was accused of committing only the crime of assault in the second degree in violation of Penal Law § 120.05 (3) and no other form of assault in the second degree or any form of assault in the third degree,[2] no instruction concerning Penal Law § 35.27 was warranted.[3]
[Portions of opinion omitted for purposes of publication.]

. The defendant’s father was convicted after trial in City Court of obstructing governmental administration in the second degree and resisting arrest; this information was obviously withheld from the jury.

. No form of assault in the third degree is a lesser included offense of assault in the second degree in violation of Penal Law § 120.05 (3) (People ex rel. Gray v Tekben, 57 NY2d 651).

. This position applies equally to the other charges against the defendant.