OPINION
Defendant-appellant, Pamela D. Pearson, appeals from a judgment of the Franklin County Court of Common Pleas, whereby appellant was convicted of two counts of possessing cocaine, one count of corrupting another with drugs, and one count of assault.
Appellant filed a motion to suppress evidence found in her purse and home. The following facts were established at the suppression hearing. In June 1997, Detective Dennis Allen began investigating appellant for illicit narcotics activity. Detective Allen initially became aware of appellant's suspected narcotics activity through an informant.
As part of the investigation, Detective Allen obtained a search warrant for appellant's home. On the date he was going to execute the search warrant, Detective Allen approached appellant at a shopping center. Detective Allen wanted appellant to accompany him back to her home so that the search warrant could be executed in her presence. Three young children were with appellant at the shopping center. Appellant told the children to go to a phone booth and arrange for a relative to pick them up. One of the children took a purse from the car. Detective Allen ordered his assistant, Officer Terry McDowell, to retrieve the purse and bring it back to the car.
After Officer McDowell took the purse from the child, appellant approached the officer and yanked the purse from him. Officer McDowell tackled appellant and grabbed the purse from underneath her. The officer was struck by appellant during the struggle. After Officer McDowell grabbed the purse from appellant, he removed her hands from underneath her, pulled her hands behind her back, handcuffed her and placed her under arrest for assault. Detective Allen searched the purse and found seventeen grams of cocaine. Thereafter, Detective Allen executed the search warrant on appellant's home and found sixty-one grams of crack cocaine.
The trial court overruled appellant's motion after holding a hearing; appellant then entered no contest pleas to all four counts. The trial court found appellant guilty on all counts and sentenced her to three years imprisonment as to both the cocaine possession counts and the corrupting another with drugs count. As well, the trial court sentenced appellant to twelve months imprisonment as to the assault count. The trial court ordered appellant to serve the prison sentences concurrently. The court also imposed a mandatory fine of $10,000, and suspended appellant's driver's license for five years.
Appellant appeals, raising one assignment of error:
 THE COURT ERRONEOUSLY OVERRULED APPELLANT'S MOTION TO SUPPRESS EVIDENCE.
In appellant's single assignment of error, she first asserts that the warrant used to search her home is invalid because the affidavit submitted in support of the warrant does not establish the requisite probable cause. We disagree.
A warrant must be issued by a neutral and detached judge or magistrate and must be based on probable cause. United Statesv. Leon (1984), 468 U.S. 897, 916. When determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, a judge or magistrate must make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates (1983),462 U.S. 213, 238-239. A reviewing court is to determine whether the judge or magistrate had a substantial basis for concluding that probable cause existed for the warrant to be properly issued.Id.
In this case, Detective Allen sought a search warrant for evidence of appellant's involvement in illicit drug trafficking. The affidavit supporting the search warrant explains how an informant told the detective that, on June 30, 1997, a woman, later identified as appellant, purchased $5,000 in money orders at a post office. The informant told Detective Allen that she did not fill out a cash transaction report when she purchased the money orders, as was required with such a sum of money orders. Detective Allen also indicates in the affidavit that an employee of the post office told him that appellant had visited the post office twice that day to purchase money orders. Detective Allen emphasizes in the affidavit that, in his experience, drug traffickers use postal money orders to purchase illegal drugs.
As well, Detective Allen describes in the affidavit how a search of garbage bags found in front of appellant's residence revealed three baggies with white powdery residue. According to Detective Allen, the residue from all three baggies tested positive for cocaine. Detective Allen confirms in the affidavit that the garbage bags originated from appellant's house by indicating that the garbage bags contained mail addressed to appellant. Finally, Detective Allen mentions in the affidavit that appellant had a prior arrest for aggravated trafficking in 1994.
We conclude that the above-described affidavit provided the municipal court judge with sufficient information to conclude that a fair probability existed that contraband or evidence of drug trafficking would be found at appellant's home. The affidavit does not contain conclusory statements; rather, the affidavit contains specific examples of appellant's suspected involvement in illicit narcotics activity. As such, we conclude that the municipal court judge properly issued the search warrant. Thus, the trial court did not err in failing to suppress the cocaine found in appellant's home upon the execution of the search warrant.
As well, appellant asserts in her single assignment of error that the trial court erred in failing to suppress cocaine Detective Allen found in her purse. We agree.
Detective Allen searched appellant's purse after he and Officer McDowell subjected her and her purse to a series of unlawful seizures. An individual is seized under theFourth Amendment of the United States Constitution if the conduct by the officers and the circumstances surrounding the encounter would have communicated to a reasonable person that he or she was not at liberty to ignore the officer's presence and go about his or her business. Michigan v. Chesternut (1988), 486 U.S. 567, 569.
In this case, appellant was approached by two officers who informed her that they had a search warrant for her home. Her car was blocked by a police cruiser and she had to instruct the young children in her care to find a relative to take them from the shopping center. Furthermore, the officers handled the situation in an authoritative manner, as evidenced by Detective Allen, testifying that, if appellant tried to leave the shopping center, he would have "had a cruiser stop and detain her." Accordingly, we conclude that the circumstances surrounding the stop at the shopping center would have communicated to a reasonable person that he or she was not at liberty to ignore the officer's presence and go about his or her business. Thus, we determine that the stop does not constitute a consensual encounter but, rather, a seizure under the Fourth Amendment.
Generally, officers may not seize an individual without a valid warrant. Horton v. California (1990), 446 U.S. 128, [496 U.S. 128], 133. In this case, neither Detective Allen nor Officer McDowell had a warrant authorizing them to seize appellant. The warrant issued to Detective Allen was limited to the search of appellant's home.
We acknowledge that officers may seize an individual in a public place without a warrant if they have probable cause that the individual committed a felony. Steagald v. United States
(1981), 451 U.S. 204, 222. Probable cause exists when an officer becomes aware of a sufficient amount of trustworthy facts and circumstances that would allow a reasonable person to believe that an individual committed a crime. Beck v. Ohio (1964),379 U.S. 89, 96. In this case, the record does not establish that Detective Allen and Officer McDowell seized appellant upon obtaining sufficient information regarding appellant's involvement in illicit narcotics activity. Rather, the record establishes that, when the officers seized appellant at the shopping center, they were in the very early stage of their investigation and had not even executed the search warrant on appellant's home. Accordingly, we conclude that Detective Allen and Officer McDowell did not have probable cause to seize appellant at the shopping center.
Alternatively, officers may seize an individual to perform an investigatory stop if the officer has reasonable suspicion that the individual is presently involved in criminal activity. Adams v. Williams (1972), 407 U.S. 143; Terry v. Ohio
(1968), 392 U.S. 1. In this case, the record provides no indication that appellant was behaving in a suspicious manner when the officers seized her.
We note that the information Detective Allen had gathered to obtain the warrant to search appellant's home does not provide the requisite reasonable suspicion to seize appellant at the shopping center for an investigatory stop. An officer may form reasonable suspicion only on reliable information that allows the officer to conclude that the individual is involved in criminal activity at the time of the investigatory stop. Floridav. J.L. (2000), ___ S.Ct. ___. In this case, the information forming the basis of the warrant concerns completed criminal activity and provides no indication that appellant was engaged in criminal activity at the shopping center.
In so concluding, we acknowledge that, in some situations, officers may seize an individual to perform an investigation if the officers have a reasonable suspicion, grounded in specific and articulable facts, that the individual was involved in or is wanted in connection with a completed felony. United States v. Hensley (1985), 469 U.S. 221, 229. InHensley, the United States Supreme Court specifically held that officers may seize an individual to perform an investigation if the seized individual is suspected of having previously committed a felony or crime involving a threat to public safety, and where it is in the public interest that the crime be solved and the individual detained as promptly as possible. Id. at 680.
In this case, the record does not establish that appellant was behaving in a suspicious manner when Detective Allen and Officer McDowell seized her. As well, the record does not establish that appellant committed a crime involving a threat to public safety when Detective Allen and Officer McDowell seized her; rather, the record shows that the officers seized appellant because they were investigating her involvement in prior illicit narcotics activity. It has been held that an officer may not make a warrantless seizure of an individual for purposes of performing a drug trafficking investigation where the officer had no basis to believe that the individual was engaged in any criminal activity at the time of the stop, but only believed the individual was engaged in criminal activity at a time and location wholly separate from the place the individual was stopped. Commonwealthof Pennsylvania v. Melendez (Pa. 1996), 676 A.2d 226, 229, 544 Pa. 323,329. We agree with such a rationale and conclude that appellant's suspected illicit drug activity alone did not allow the officers to conduct their investigation of appellant by seizing her at the shopping center without a warrant. Accordingly, we conclude that appellant was unlawfully seized at the shopping center.
Having so concluded, we note that, while appellant was being seized, Detective Allen saw one of the children carry appellant's purse out of her car. Detective Allen ordered Officer McDowell to seize the purse; however, the officers had no warrant authorizing them to do so. As well, the record does not establish that the officers knew that the purse contained contraband when it was seized. See Horton, at 2307 (concluding that officers may search and seize items in plain view without a warrant if the criminal nature of the item is imminently apparent). Thus, appellant's purse was unlawfully seized.
After Officer McDowell seized appellant's purse, she approached the officer and yanked it out of his hands. Officer McDowell tackled appellant and grabbed the purse from underneath her. Because the officer had no authority to initially seize appellant's purse from one of the children, we logically conclude that the officer was prohibited from tackling appellant and forcing the purse out of her hands to regain control over it.
As noted above, appellant was arrested for assault. The assault occurred during the above-described struggle between the officer and appellant. Detective Allen searched appellant's purse incident to the arrest and found cocaine. Evidence stemming from an unlawful seizure may not be used as evidence against a defendant if the evidence was "come at by exploitation" of the unlawful seizure such that the causal connection between the unlawful seizure and discovery of the evidence was not broken.Segura v. United States (1984), 468 U.S. 796, 804. In such a situation, the evidence stemming from an unlawful seizure is considered tainted. Id. at 3385.
Plaintiff-appellee, the state of Ohio, asserts that the cocaine found in appellant's purse is not tainted by the unlawful seizures because appellant's assault on Officer McDowell broke the causal connection between the unlawful seizures and discovery of the evidence. We disagree.
We acknowledge that an individual who is subjected to an unlawful seizure and who assaults the seizing officer in a considered and calculated manner purges the taint on evidence stemming from an unlawful seizure and breaks the causal chain between challenged evidence and the unlawful seizure. UnitedStates v. Waupekenay (C.A.10, 1992), 973 F.2d 1533, 1538; Statev. Bale (Minn. 1978), 267 N.W.2d 730, 733; People v. Townes (N Y 1976), 41 N.Y.2d 97, 102.
However, in this case, the record does not establish that appellant assaulted Officer McDowell in a calculated and considered manner. Neither Detective Allen nor Officer McDowell describe appellant approaching the officer and assaulting him in a fit of rage; rather, the record establishes that appellant approached Officer McDowell after he unlawfully seized her purse. Appellant yanked the purse out of his hands and took a few steps back. Officer McDowell immediately tackled appellant and grabbed the purse from underneath her. Although it is unclear from the record specifically when appellant struck the officer, the testimony from Officer McDowell and Detective Allen indicate that the assault occurred during the above-described struggle. Based on the course of these events, we conclude that the assault was an immediate and spontaneous reaction to Officer McDowell's unlawful conduct. It has been held in another jurisdiction that an individual assaulting a seizing officer as an immediate and spontaneous reaction to the officer's unlawful conduct neither purges the taint on evidence unlawfully seized, nor breaks the causal chain between the unlawful seizure and the discovery of the challenged evidence. People v. Wilkerson (N.Y. 1984), 64 N.Y.2d 749,750; see, also, People v. Felton (N.Y. 1991), 78 N.Y.2d 1063,1065 (concluding that an individual's spontaneous and immediate reaction to being unlawfully seized does not purge any taint on evidence stemming from the unlawful seizure). We agree with the above rationale. Thus, we conclude that appellant's conduct did not purge any taint on the challenged evidence stemming from the unlawful seizures and was part of the causal connection between the unlawful seizures and the discovery of the challenged evidence.
In examining whether evidence stemming from an unlawful seizure may be used against a defendant, we must consider whether excluding the evidence would conform with the goal of the exclusionary rule, which is to deter police misconduct. Leon, at 3417. In this case, Officer McDowell and Detective Allen subjected appellant and her belongings to a series of unlawful seizures prior to discovering cocaine in her purse. Appellant endured being tackled and restrained of her liberty. Additionally, appellant was forced to have the children under her supervision find a relative that would come pick them up from the shopping center. In light of this conduct by Detective Allen and Officer McDowell, we conclude that the tenets of the exclusionary rule compel us to conclude that the cocaine found in appellant's purse should not be used against her. Accordingly, we conclude that the trial court erred in failing to suppress the cocaine found in appellant's purse.
Therefore, based on the reasons noted above, appellant's single assignment of error is overruled in part and sustained in part. The judgment of the trial court is reversed in part and affirmed in part, and this case is remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed in part and affirmed in part and remanded.
TYACK, J., concurs. LAZARUS, J., dissents.