◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO A. ROSA, Appellant. [715 NYS2d 514] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered April 20, 1999 in Rensselaer County, upon a verdict convicting defendant of the crimes of assault in the second degree (two counts) and resisting arrest.

On May 21, 1998, police officers Michael Parrow and Ed Doughney were advised that defendant might be holding his live-in girlfriend, Robin Walsh, against her will. The two proceeded to defendant's apartment, knocked on the door and requested to speak to Walsh. Defendant opened the door, but he prevented Walsh from approaching the police officers and then pushed her into a wall. When the police officers intervened, defendant threw a punch at Doughney and a violent struggle ensued, resulting in defendant's arrest for assault and resisting arrest. Defendant was thereafter indicted for two counts of assault in the second degree, resisting arrest and unlawful imprisonment in the second degree. Ultimately, a jury convicted him of two counts of assault in the second degree and one count of resisting arrest. He was sentenced as a second felony offender to concurrent determinate terms of imprisonment of seven years on each of the assault counts and one year on the conviction of resisting arrest. Defendant appeals.

Initially, we are persuaded by the contention that Supreme Court erred in its instruction to the jury concerning the elements of the crime of resisting arrest, requiring that a new trial be conducted on the count of the indictment charging that crime. In the midst of its instruction on the elements of resisting arrest, Supreme Court charged the jury on Penal Law § 35.27 as follows: "a person may not use physical force to resist an arrest, *whether authorized or unauthorized,* which is

being effected or attempted by a police officer when it would reasonably appear that the person attempting to effect the arrest is a police officer" (emphasis supplied). Notably, although Penal Law § 35.27 will generally preclude a justification defense to a charge of assault upon a police officer, it has no bearing on the crime of resisting arrest, which requires as an element thereof that there was an authorized arrest (*see*, Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law art 35, at 139; *see also*, Penal Law § 205.30; *People v Peacock*, 68 NY2d 675, 676-677). Therefore, a charge respecting the latter should not be "blurred or negated by a charge that a defendant would be guilty * * * even if the arrest was unauthorized if he used physical force to resist it" (*People v Harewood*, 63 AD2d 876, 877; *compare, People v Commesso*, 184 AD2d 719, *lv denied* 80 NY2d 1026 [reference to Penal Law § 35.27 not made in connection with discussion of elements of resisting arrest]).

Next, we reject the contention that the jury's verdict finding defendant guilty of the crimes of assault in the second degree and resisting arrest was unsupported by legally sufficient evidence or was against the weight of the evidence. The evidence adduced at trial demonstrated that Parrow and Doughney identified themselves as police officers when they inquired about Walsh's well-being. Defendant, however, clearly resisted arrest as Parrow was thrown through a wall and then violently elbowed in the throat while wedged therein. Such injury caused Parrow to lose his voice and his ability to swallow for over a week. Doughney testified that defendant struck him in the head and temple with his elbow, causing a ringing in his ears, headaches and dizziness. Moreover, both police officers suffered back injuries and missed work as the result of their injuries.

In our view, this evidence amply demonstrated that defendant prevented the police officers from performing a legal duty and physically injured them, thereby establishing the elements of assault in the second degree (*see*, Penal Law § 120.05 [3]) and likewise establishing that defendant resisted arrest (*see*, Penal Law § 205.30; *People v Clark*, 241 AD2d 710, *lv denied* 90 NY2d 1010). Obviously, contradictory evidence presented by defendant created a credibility issue for resolution by the jury, which was free to weigh the testimony (*see, People v Quinones*, 256 AD2d 634, 635, *lv denied* 93 NY2d 878). Thus, viewing the evidence in a light most favorable to the People (*see, People v Allah*, 71 NY2d 830, 831), we conclude that "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the

basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]). Further, viewing the evidence in a neutral light (*see, People v Carthrens*, 171 AD2d 387, 392) but according due deference to the jury's "opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley, supra*, at 495), we conclude that the verdict was not against the weight of the evidence (*see, People v Rose [Cousins]*, 215 AD2d 875, 877, *lvs denied* 86 NY2d 793, 801).

The parties' additional contentions have been considered and found to be lacking in merit.

Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant on the third count of the indictment; matter remitted to the County Court of Rensselaer County for a new trial on that count; and, as so modified, affirmed.