OPINION OF THE COURT
Jonathan S. Kaiman, J.
Decision After Hearing
The defendant moves to suppress statements made subsequent to his arrest. The court finds that there was not probable *119 cause to arrest defendant, and, therefore, statements made subsequent to his arrest are suppressed.
As a matter of law, probable cause is a consequence of the subject’s conduct and not that of the inquiring police officer. The officer may rely to some extent on information received relating to the subject and/or observations of the subject. A subject who breaks free from the grasp of one officer may be apprehended by another officer, but not arrested by the latter officer if the first did not have probable cause to arrest the subject in the first place. In other words, resistence to being apprehended by one officer does not establish probable cause to arrest by another officer.
In the case at bar, the court finds that police officers who join in a police chase do not have probable cause to arrest the subject if the original police officer chasing the subject was without probable cause to make such an arrest. Even though fleeing from a police officer may be grounds to apprehend the subject, arresting such a person must be grounded on probable cause.
Defendant’s Initial Contact with Police
Police Officer DeCaro of the Third Precinct testified that at approximately 1:00 a.m. in the morning he saw from the public street the defendant and another individual in an alley. As the officer walked down the alley, the other individual approached the officer with a closed beer bottle in his hand. At approximately the same time, the defendant purportedly dropped a bag which, apparently, contained a beer bottle. The defendant then ran out of the alley. It should be noted that the officer neither observed the subject drinking from the bottle, nor that the bottle was open. Upon reaching the location where the subject dropped the bag, the officer testified that he found an open bottle in the bag. No portion of the bottle was preserved as evidence.
When Officer DeCaro left the alley in pursuit of the defendant, he observed another police officer grabbing onto the defendant. The defendant, however, fled and was subsequently chased by other officers who had arrived at the scene.
Apprehension of Defendant by Police
At some point, the defendant had been caught by the pursuing police officers as he attempted to climb from one side of a fence to the other. The defendant was arrested for violating a municipal ordinance relating to the possession of an open *120 alcoholic container in a public place with the intent to consume it. He was also charged with resisting arrest. Subsequently, statements were taken from the defendant while he was in custody. Those statements are the subject of this suppression hearing.
Probable Cause on Open Alcohol Container Charge
The first issue before the court is whether there was probable cause to arrest the defendant based on the observations of Officer DeCaro. The court finds that there was not.
The defendant Torin Bobo was charged with section 205.30 of the Penal Law, resisting arrest, and section 44-3 (B) of the Town of North Hempstead Law, possession of an open alcoholic container in public. The Town of North Hempstead open container statute provides the following: “It shall be a violation of this local law for any person to * * * [hjave in his possession an open or unsealed container of an alcoholic beverage while in any public place for the purpose of consuming such alcoholic beverage by himself or by another [person].”
It is a violation of the ordinance in question to consume alcohol in a public place. However, the evidence presented leads this court to conclude that if the purported, unrecovered, open bottle was in the possession of the defendant when observed by the police officer, the defendant was on private property and, therefore, not in a public place.
The property on which the alley was located was private property as indicated by the signs affixed to the building next to the alley which set forth that there was no parking because the area was private property. (See defendant’s hearing exhibits B and E.) The defense also provided evidence of private ownership of the property by producing the deed to the subject property.
Accordingly, there is no basis to charge the defendant with possession of an open alcohol container in a public place. The defendant was not observed to be in possession of such container while in a public place, but rather only while he was on private property. The defendant may have committed other violations such as trespass or littering, but such was never raised nor charged nor testified to.
Probable Cause on Resisting Arrest Charge
Officer DeCaro testified that upon leaving the alley, he observed the defendant freeing himself from the grasp of Officer DeCaro’s fellow officer, Officer Kouril. Officer Kouril and *121 Officer DeCaro gave chase and were subsequently joined by additional officers who arrived at the scene. The defendant was caught by the several officers at the scene as the defendant attempted to climb over a fence. He was pulled down from the fence by the apprehending officers. This court is making no determination at this time as to whether the police officers had sufficient cause to physically apprehend the defendant at this time.
When Officer DeCaro arrived at the location where the defendant was being apprehended, he assisted in the apprehension and placed the defendant in custody for possession of an open alcoholic container. Upon being forcibly removed from his perch on the fence, the defendant continued to resist apprehension by the police.
While the apprehension of the defendant may have been lawful, the question before the court is whether the defendant did resist an arrest authorized under the law. The court finds that the arrest was not authorized even if apprehension by the police was, in fact, lawful.
Section 205.30 of the Penal Law provides that, “A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person.” It has long been recognized that an authorized arrest is an arrest made pursuant to probable cause that the law had been violated by the subject of the arrest. (See People v Jensen, 86 NY2d 248 [1995]; People v Peacock, 68 NY2d 675 [1986].)
Probable cause is established by the conduct of the subject defendant and not the conduct of the police officers. If a subject has the right to flee from a police officer, a subsequent police officer does not have probable cause to arrest that same subject merely because he sees the subject running from a police officer. He may have the right to stop and inquire. He may even have a basis to detain the subject by force. But, breaking free from the grasp of one police officer does not establish probable cause for another police officer to make an arrest.
In the case at bar, Officer DeCaro did not have probable cause to arrest the defendant for possession of an alcoholic container in a public place. While it appears that he did lose sight of the defendant during the chase and that the defendant did come into contact with other police officers, Officer DeCaro did not provide any other basis for the arrest other than the open alcoholic container. No other officers testified at this hearing, so there is no evidentiary basis to determine whether any *122 of the other officers had any legal cause to apprehend or arrest the defendant.
In People v De Bour (40 NY2d 210, 223 [1976]), the Court of Appeals held that the police do have a right to inquire of a subject so long as they have an articulable reason for doing so. Under De Bour, the police can physically stop and detain a subject so long as they have a reasonable suspicion that the subject was involved in a felony or misdemeanor. They may not arrest the subject, however, unless they have probable cause that an offense has been committed. (See also People v Hollman, 79 NY2d 181 [1992].)
In the case at bar, the defendant was thought by Officer DeCaro to only have been guilty of a violation of a local municipal law which was neither a felony nor a misdemeanor. Furthermore, there was no probable cause to arrest the defendant for drinking in a public place. While there may have been grounds to stop and detain the defendant, the People failed to establish that the arrest of the defendant was authorized. There is, therefore, no probable cause to arrest the defendant for resisting arrest.
Accordingly, all statements made to the police subsequent to his arrest are suppressed.