*945 RILEY, Judge,
concurring and dissenting.
I concur with the majority’s decision to affirm the trial court’s suppression of evidence pertaining to Owens’s arrest for cocaine dealing, cocaine possession, and obstruction of justice. However, I respectfully dissent from the majority’s decision to reverse the trial court’s suppression of evidence pertaining to Owens’s battery upon and flight from Officers Shipley and Solomon. The majority writes that “[a]U agree that evidence related to Owens’s flight from and battery of Officers Shipley and Solomon should not have been suppressed.” Op. at 944. By merely acknowledging and recognizing an arguable point, Owens does not make such concession. As the trial court was in the best position to assess whether Owens’s actions resulted from the officers’ exploitation of the illegal stop, I would affirm the trial court.
At the suppression hearing, the State relied on Indiana case law establishing that a private citizen may not use force in resisting a peaceful arrest by an individual he knows, or had reason to know is a police officer performing his duties even though the original stop might have been unlawful. See Cole v. State, 878 N.E.2d 882, 886-87 (Ind.Ct.App.2007). However, the trial court rejected the State’s argument:
[TRIAL COURT]: My position, I just got reversed on that same argument where I found that the officer contact [sic], even though [...], but he had no right to resist.
[STATE]: Right.
[TRIAL COURT]: I was just reversed [... ] and I bought that argument from you guys the last time. We got it reversed.
[[Image here]]
[TRIAL COURT]: [...]. I don’t think that there was sufficient reasonable suspicion stated to do a stop and then a frisk. And then even if there was, I’m not sure what was done under the circumstances was reasonable.
(Transcript pp. 49, 52).
Attenuation, as an exception to the exclusionary rule, applies in cases- where the connection between the illegal police conduct and the subsequent discovery of evidence becomes so attenuated that the deterrent effect of the exclusionary rule is no longer justified. See Brown v. Illinois, 422 U.S. 590, 609, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). The causal chain must be sufficiently attenuated to dissipate any taint of an illegal stop. See Quinn v. State, 792 N.E.2d 597, 601 (Ind.Ct.App.2003), trans. denied. Three factors are evaluated to determine whether the attenuation doctrine applies: “(1) the time elapsed between the illegality and the acquisition of the evidence; (2) the presence of intervening circumstances; and (3) the purpose and flagrancy of the official misconduct.” Id.
With respect to the first factor, the State asserts that “[t]he time between the initial stop and the discovery of the cocaine was admittedly brief here” and that “the cocaine evidence here was not first discovered by the police until after [Owens] had committed new, distinct criminal offenses.” (Appellant’s Br. pp. 14, 16). The State thus concedes that the illegal stop and Owens’s acts of resistance occurred within a brief time frame. For the second factor, the State alleges that Owens’s crimes of flight and opposition constituted an intervening circumstance sufficiently separate from the illegal stop.
The important consideration in the third factor is whether the evidence came from the exploitation of the illegality or instead by means sufficiently distinguishable to be *946 purged of the primary taint. See Quinn, 792 N.E.2d at 599. Here, Officer Shipley stopped Owens admittedly on a hunch and proceeded to handcuff him. Despite smelling marijuana as he approached Owens, Officer Shipley’s pat-down revealed nothing. After Owens told him that he had swallowed marijuana, Officer Shipley threatened to arrest Owens if he did not admit to possessing drugs. By suppressing this evidence, the trial court apparently believed that Owens’s actions resulted from the officers’ exploitation of the illegal stop. As the trial court was in the best position to assess the evidence, I would uphold its suppression of evidence relating to Owens’s flight from and battery of Officers Shipley and Solomon. See People v. Felton, 78 N.Y.2d 1063, 576 N.Y.S.2d 89, 581 N.E.2d 1344, 1345 (1991).