■ In the Matter of Marlon H., Appellant. [862 NYS2d 570]—

In related juvenile delinquency proceedings pursuant to Family Court Act article 3, the appeals are from (1) an order of disposition of the Family Court, Kings County (Turbow, J.), under docket No. D-11660-06, dated October 19, 2006, which, upon a fact-finding order of the same court dated August 1, 2006, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the third degree, resisting arrest, and possession of pistol or revolver ammunition adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months, and (2) an order of the same court, under docket No. D-27561-05, also dated October 19, 2006. The appeal from the order of disposition under docket No. D-11660-06 brings up for review the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the appeal from the order dated October 19, 2006, under docket No. D-27561-05, is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order of disposition dated October 19, 2006, under docket No. D-11660-06, is reversed, on the law and the facts, without costs or disbursements, that branch of the appellant's omnibus motion which was to suppress physical evidence is granted, the fact-finding order dated August 1, 2006, is vacated, and the petition is dismissed.

The testimony and other evidence presented at the suppression hearing did not support the Family Court's finding that Detective Winslow had reasonable suspicion to stop the appellant (cf. *People v Moore,* 6 NY3d 496 [2006]; *People v Hollman,* 79 NY2d 181 [1992]; *People v De Bour,* 40 NY2d 210 [1976]). Therefore, the physical evidence should have been suppressed as the fruit of an illegal stop (cf. *Wong Sun v United States,* 371 US 471, 488 [1963]). Without the physical evidence, there is no basis to find that the appellant committed the acts of criminal possession in question (cf. Penal Law § 265.02 [4]). Because the stop was unlawful, the arrest was unauthorized and, thus, the resisting arrest finding cannot stand (cf. *People v Felton,* 78 NY2d 1063 [1991]; *People v Peacock,* 68 NY2d 675). Mastro, J.P., Dillon, Eng and Belen, JJ., concur.