**Marlon HINDS and Wendy Hinds, Plaintiffs,**

v.

**The CITY OF NEW YORK, Detective Raymond Winslow and John Doe 1–10, Defendants.**

**No. 08 Civ. 9199(BSJ)(GWG).**

United States District Court, S.D. New York.

Sept. 28, 2010.

Michael Colihan, Brooklyn, NY, for Plaintiffs.

Stuart E. Jacobs, NYC Law Department, Office of the Corporation Counsel, New York, NY, for Defendants.

### Order

BARBARA S. JONES, District Judge.

Plaintiffs Marlon Hinds ("Hinds") and Wendy Hinds ("Ms. Hinds") bring this action pursuant to 42 U.S.C. § 1983, alleging that Detective Raymond Winslow ("Winslow"), other New York state employees, and the City of New York deprived them of rights secured by the United States Constitution by erroneously incarcerating Hinds. The Plaintiffs also allege violations

of the New York State constitution and New York State common law. Before the Court is Defendants' Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' Motion for Summary Judgment is GRANTED.

## BACKGROUND

This case arises from the arrest of Hinds for Criminal Possession of a Loaded Firearm in the Second Degree and Resisting Arrest. Omniform System Arrest Report for Marlon Hinds.

In May 2006, Hinds was observed walking in Brooklyn by Winslow and Detective Michael Henrique ("Henrique"), both in an unmarked police car. Raymond Winslow Dep. 24–25. The detectives, in their car, approached Hinds and his friend. Marlon Hinds Dep. 34. Hinds and his friend then began to run, chased by Henrique on foot and Winslow in the car. *Id.* at 35; Raymond Winslow Dep. 39–40. At one point, the car driven by Winslow knocked down Hinds. Marlon Hinds Dep. 40–41. Hinds got up and continued to run, *Id.* at 42–43. Hinds reached his school but was soon tackled by Winslow. *Id.* at 44–48. Winslow claims that he then observed a gun at Hinds' feet and arrested Hinds. Raymond Winslow Dep. 95.

Hinds, who was 15 at the time of his arrest, was tried in Family Court in Brooklyn by Judge Daniel Turbow. Compl. ¶ 18; Omniform System Arrest Report for Marlon Hinds. The Family Court Fact–Finding Hearing was on August 1, 2006. *Matter of Marlon H.,* 54 A.D.3d 341, 342, 862 N.Y.S.2d 570, 570 (2nd Dept. 2008). Hinds moved to suppress the gun on the grounds that it was the fruit of an unlawful Terry stop, but the judge denied the motion. *Id.* The judge then held that Hinds had committed actions that, if committed by an adult, would have constituted a felony. *Id.*

The Family Court Dispositional Hearing was held on October 19, 2006. *Id.* Hinds testified that he had received the gun from another student at school. Marlon Dispositional Tr. 17–18. Judge Turbow ordered a twelve month placement with the Office of Children and family Services, with no credit for the five months already served (as an alternative to an eighteen month placement sought by the State). Marlon Dispositional Tr. 23. Hinds appealed the results of the August 1, 2006 Fact–Finding Hearing and the October 19, 2006 Dispositional Hearing. *Matter of Marlon H.,* 54 A.D.3d at 342, 862 N.Y.S.2d at 570.

On June 18, 2008, the Supreme Court Appellate Division overturned the Family Court ruling. *Id.* The Appellate Division found no reasonable suspicion for the officers' initial Terry stop. *Id.* As a result, the Appellate Division granted Hinds' August 1, 2006 motion to suppress the gun and vacated the Family Court's August 1, 2006 finding that Hinds had committed actions that, if committed by an adult, would have constituted a felony. *Id.* In doing so, the Appellate Division reversed the October 19, 2006 disposition. *Id.*

Plaintiffs filed the instant action on October 27, 2008. Plaintiff asserts six causes of action; (1) False Arrest and False Imprisonment under the United States Constitution and 42 U.S.C. § 1983; (2) Derivative liability of the City of New York under the United States Constitution; (3) Failure to Supervise under the United States Constitution and 42 U.S.C. §§ 1981 and 1983; (4) False Arrest and False Imprisonment under New York State law; (5) Assault under New York State law; (6) Loss of Consortium and Loss of Services by Ms. Hinds.

Defendants now move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that a court shall grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." *Rodriguez v. City of New York,* 72 F.3d 1051, 1060–61 (2d Cir.1995). The substantive law governing the case will identify those facts that are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "if, as to the issue on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is

improper." *Chambers v. TRM Copy Ctrs. Corp.,* 43 F.3d 29, 37 (2d Cir.1994).

## DISCUSSION

### 1. False Arrest and False Imprisonment under the United States Constitution and 42 U.S.C. § 1983

■ Although Hinds testified before the Family Court that, on the day in question, he possessed the gun at issue, at his deposition in this case, Hinds testified that he has never possessed that or any gun. Marlon Dispositional Tr. 17–18; Marlon Hinds Dep. 55–56. Because the possession of the gun by Hinds was the source of Winslow's probable cause to arrest him, unless Hinds' deposition testimony is admissible, there is no disputed issue of material fact.[1]

■ The doctrine of judicial estoppel bars a party from asserting a position in a later litigation that is inconsistent with one that the party successfully asserted in a prior litigation. *See Mitchell v. Washingtonville Cent. Sch. Dist.,* 190 F.3d 1, 6 (2d Cir.1999). The purpose of the doctrine of judicial estoppel is to "preserve the sanctity of the oath by demanding absolute truth and consistency in all sworn positions" and to "protect judicial integrity by avoiding the risk of inconsistent results in two proceedings." *Bates v. Long Island R.R. Co.,* 997 F.2d 1028, 1037 (2d Cir.1993), In *New Hampshire v. Maine,* the Supreme Court set out three factors to consider in deciding whether to apply judicial estoppel:

First, a party's later position must be "clearly inconsistent" with its earlier po-

---

1. This is so because once Winslow saw the gun, he had probable cause to arrest Hinds, and probable cause is a complete defense to the claim of false arrest. The fact that the Appellate Division determined that Winslow lacked the requisite reasonable suspicion to chase and tackle Hinds, and suppressed the gun in the Family Court proceeding, does not affect this conclusion. The fruit of the poisonous tree doctrine is inapplicable to civil actions arising under § 1983. *Townes v. City of New York,* 176 F.3d 138, 145, 149 (2d Cir.1999).

sition. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled".... A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."

532 U.S. 742, 750–51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (internal citations omitted). These "factors" are not "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." *Id.* at 751, 121 S.Ct. 1808.

With respect to the first factor, Hinds' denial that he possessed the gun is clearly inconsistent with his prior testimony before the Family Court that he received the gun from a classmate.[2] Marlon Dispositional Tr. 17–18; Marlon Hinds Dep. 55–56. Plaintiffs stress that Hinds was a juvenile at the time of his admission. *See* Pl.'s Mem. Law Opp. Summ. J. 12. However, there is no requirement that the original statements be made by an adult over 18 years of age. *See Lassiter v. District of Columbia,* 447 A.2d 456, 461 (D.C.Ct.App.1982) (applying judicial estoppel to the sworn testimony of a juvenile in his juvenile criminal case, barring consideration of inconsistent testimony in a civil suit).

As to the second factor, in ordering Hinds to be placed with the Office of Children and Family Services for twelve months, the Family Court accepted and adopted Hinds' position that he possessed the gun. The Appellate Division's decision to overturn Hinds' disposition does not change the fact that the Family Court accepted Hinds' position. *See Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 784 (9th Cir.2001). In *Hamilton,* the Ninth Circuit held that a party that makes statements that lead to discharge of debts in bankruptcy cannot later assert contrary statements for its benefit, even when the discharge was later vacated upon discovery that the original statements were false. *See Id.* The court cited the need for honesty to protect the "integrity of the bankruptcy process" as the primary reason to deem the initial statement "accept[ed]." *See Id.* at 784–85. The need for honesty in juvenile dispositions is imperative, as the false confession of a juvenile severely undermines the integrity of the juvenile justice regime.

With respect to the third judicial estoppel factor, Hinds clearly sought a benefit in the Family Court proceeding by admitting to an offense during his Dispositional Hearing in the hopes of getting a more lenient disposition in his case. It would impose an unfair detriment on the City to permit him to recant that admission and force the City to trial here. *See Garcia v. Greco,* No. 05 Civ. 9587(SCR)(JFK), 2010 WL 446446, at *5–7, 2010 U.S. Dist. LEXIS 11106, at *13–16 (S.D.N.Y. Feb. 9, 2010) (holding that a plea allocution in a criminal trial judicially estopped a subsequent inconsistent deposition in a § 1983 suit); *Perlleshi v. County of Westchester,* No. 98 Civ. 6927(CM), 2000 WL 554294, at *4–6, 2000 U.S. Dist. LEXIS 6054, at *13–17 (S.D.N.Y. Apr. 24, 2000).

**2.** While Hinds' initial testimony given before Judge Turbow was unsworn, there is no requirement that the initial testimony be under oath. *See A.I. Trade Fin. v. Centro Internationale Handelsbank AG,* 926 F.Supp. 378, 390 n. 14 (S.D.N.Y. May 9, 1996) (not requiring an explicit oath); *Simon v. Safelite Glass,* 128 F.3d 68, 72 (2d Cir.1997) ("That such proceedings are not always conducted under formal path is unimportant.") (citation omitted).

For the reasons provided above, Hinds is judicially estopped from relying on his deposition testimony that he did not possess the gun. Because Plaintiffs fail to provide any additional evidence that challenges Winslow's testimony, Plaintiff has not established that there are any disputed issues of material fact with respect to Plaintiffs' claims for false arrest and false imprisonment.

## 2. Claims Against the City of New York

Plaintiff additionally asserts a claim against the City of New York pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), in which the United States Supreme Court held that "a municipal entity may be liable under § 1983 if the alleged constitutional violation was caused by the entity's 'policy or custom.' " *Douglas v. City of New York*, 595 F.Supp.2d 333, 347 (S.D.N.Y.2009). In order to maintain a *Monell* claim, a Plaintiff must demonstrate an underlying Constitutional violation. *Mitchell v. Prison Health Servs., Inc.*, No. 07 Civ. 8268, 2008 WL 5069075, at *2–3, 2008 U.S. Dist. LEXIS 96944, at *6 (S.D.N.Y. Nov. 20, 2008).

In this case, however, the Court finds that Winslow's actions did not violate Plaintiff's Constitutional rights. See *supra*. To the extent that Plaintiffs' claims assert an independent Constitutional violation by the City of New York, they are supported by no evidence in the record. *See* Pl.'s Mem. Law opp. Summ. J. 15 (failing to cite any evidence of the City's independent liability).

## 3. State Law Claims by Marlon Hinds

The Court declines to exercise supplemental jurisdiction over any of Hinds' remaining state law claims. 28 U.S.C. § 1367(c)(3). Accordingly, Hinds' remaining state law claims are DISMISSED.

## 4. Derivative Claim for Loss of Consortium and Loss of Services Claims by Wendy Hinds

Ms. Hinds asserts a derivative claim for loss of services and consortium. "While the Second Circuit has not addressed whether a plaintiff may bring a loss of consortium claim pursuant to federal civil rights statutes, the weight of authority holds they may not." *Harrison v. Harlem Hosp.*, No. 05 Civ. 8271(WHP), 2007 WL 2822231, at *4, 2007 U.S. Dist. LEXIS 71908, at *11–13 (S.D.N.Y. Sept. 26, 2007) (citing sources). To the extent Plaintiffs assert a state cause of action, the Court declines to exercise supplemental jurisdiction over the claim. 28 U.S.C. § 1367(c)(3). Accordingly, Ms. Hinds' claims for loss of consortium and loss of services are DISMISSED.

### CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment is GRANTED. The Clerk of Court is directed to close the case.

**SO ORDERED:**